## CAMILLA SIMPSON AND EDWARD SIMPSON vs. LEWIS N. HOPKINS, COLLECTOR.

*Taxation—Bonds of Corporation Secured by Mortgage upon Property in this State—Discrimination—Exemptions from. Taxation—Constitutional Law.*

Under Code, Art. 81, the bonds of a corporation secured by mortgage upon property wholly within this State are liable to taxation in the hands of resident holders, while mortgages by individuals and the mortgage debts, and building association mortgages and non-interest bearing bonds of corporations are exempt from taxation. *Held*, that the taxation of the former kind. of property and the exemption of. the latter is not an arbitrary discrimination against a special kind of property, nor unconstitutional under Art. 15 of the Declaration of Rights.

Nor is this discrimination in the taxation of different kinds of property invalid under the Fourteenth Amendment of the Constitution of the United States.

The Legislature has the power to exempt from taxation certain kinds of property.

Code, Art. 81, sec. 88, provides that the bonds of a corporation secured by mortgage upon property wholly within the State shall be taxed in the same manner as bonds secured by mortgage upon property partly within and partly without the State. There is no express provision for the taxation of the latter kind of bonds, but it is elsewhere provided that all bonds issued by any corporation, belonging to residents of this State, shall be liable to taxation. *Held*, that the bonds of a corporation secured by mortgage upon property partly within this State would be liable to taxation under this clause; that the exemption of mortgages upon property wholly within this State does not apply to such bonds, and that consequently the bonds of a corporation secured by mortgage upon property wholly within this State are liable to taxation in the hands of residents.

Appeal from the Baltimore City Court. This was an action brought by the appellee, collector of State and city taxes, to recover taxes levied for the years 1891, 1892 and 1893, upon twelve bonds of the Consolidated Gas Co. of Baltimore City, owned by the appellant, Mrs. Simpson.

The case was tried before the Court without a jury. The defendants offered the following prayers:

1st. The defendants pray the Court to rule as matter of law, as follows: " Inasmuch as it appears by the agreed statement of facts that the mortgage securing the bonds referred to in this case is of property wholly within the State of Maryland, therefore, in view of the provisions of Article 81 of the Code of Public General Laws, section 88 of Article 81 of the same is in conflict of the provisions of Article 15 of the Declaration of Rights of the Constitution of Maryland, and therefore unconstitutional and void, and accordingly the plaintiff is not entitled to recover in this action and the verdict must be for the defendants." (Rejected.)

2nd. That inasmuch as it appears by the agreed statement of facts that the mortgage securing the bonds referred to in this case is of property wholly within the State of Maryland, therefore, in view of the provisions of Article 81 of the Code of Public General Laws, section 88 of Article 81 of the same is in conflict with the provisions of the 14th Amendment of the Constitution of the United States, and therefore unconstitutional and void, and accordingly the plaintiff is not entitled to recover in this case, and the verdict must be for the defendants. (Rejected.)

3rd. That the mortgage lands referred to in the agreed statement of facts filed in this case, are not legally subject to assessment and taxation, because section 88 of Article 81 of the Code of Public General Laws, under which it is proposed to assess and tax the same, provide that such lands shall be subject to assessment and taxation to the owner or owners thereof in the same manner as like bonds or certificates of debt bearing interest and secured by mortgage of property partly in this State, and partly in some other State or States, are now subject under the laws of this State, and the said Code of Public General Laws does not contain any provision, nor is any provision contained in the later Acts of the Assembly, for the assessment and

taxation of like bonds or certificates of debt bearing interest, and secured by mortgage of property partly in this State and partly in some other State or States.　(Rejected.)

The Court below (PHELPS, J.), rejected these prayers and from a judgment for the plaintiff for $763.68, the defendants appealed.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE and ROBERTS, JJ.

*Bernard Carter* (with whom was *John J. Donaldson* on the brief), for the appellants.

It has been repeatedly held in this State, as well as elsewhere, that a provision such as that contained in Article 15 of the Maryland Declaration of Rights, requires uniformity in taxation and forbids any discrimination between species of property that belong substantially in the same class. *State* v. *C. & P. R. R. Co.*, 40 Md. 22 ; *State* v. *P. W. & B. R. R.*, 45 Md. 378–9 ; *Daily* v. *Morgan*, 69 Md. 460. *Wells* v. *Hyattsville*, 77 Md. 125 ; *Gilman* v. *Sheboygan*, 2 Black (U. S.) 510; *Dyer* v. *Farmington*, 70 Maine, 515 ; *Pine Grove Township* v. *Talcott*, 19 Wallis, 675 ; *Knowlton* v. *Supervisors*, 9 Wis. 421–424 ; *Pike* v. *State*, 5th Ark. 204.

It is well at this point to call attention to the way in which section 88 undertakes to discriminate, and where there is a lack of uniformity.　(*a.*) Section 4 of the same article, at the foot thereof, reciting the exemptions, contains the following language : The provisions of the sections for valuation and assessment shall not apply "to mortgages upon property *wholly within this State, nor to the mortgage debts* secured thereby."　(*b.*) Said section 4 also contains the following exemption, that the foregoing sections for valuation and assessment shall not apply to the value of such portion of the shares of homestead or building associations as shall be represented by mortgages on real or leasehold property in this State, when such real or leasehold estate, so mortgaged, is subject to taxation under the laws of this

State, nor to such mortgages when the real or leasehold estate so mortgaged is subject to taxation under the laws of this State." (*c.*) Section 88 does not attempt to tax even *all* corporation *mortages* secured by mortgage of property wholly within this State, but only *bonds and certificates of debt bearing interest*, secured by mortgage of property wholly within this State, nor does it attempt to tax *all of these last*, for it is limited to such bonds or certificates of debt bearing interest secured by mortgage of property wholly within the State, issued by any railroad corporation, or any other corporation of this State; thus, the mortgage debts of corporations secured by property wholly within this State would be exempt from taxation.

The attempt is made to show that the assessment of the bonds in question is not a discrimination, because there is a distinction between corporate and individual obligations. The answer to this would seem to be as follows: 1st. The distinction is really between different individuals, viz., those holding corporate obligations of a certain kind, and those holding individual obligations or corporate obligations of *another* kind. 2nd. No distinction can be made for purposes of taxation between corporations and individuals, except as to rights and property that they hold by reason of their incorporation, and not such as they hold in common with individuals, for example, the right to hold or mortgage property, &c. 3rd. But as will be seen under Art. 81, there is no uniformity whatever among corporate obligations. These bonds would be exempt (*a*), if they were held by a homestead or building association; (*b*), if, though secured by mortgage of property wholly within the State, they were issued by a foreign corporation; (*c*), the mortgage debt in this case would be exempt if there had been no bonds or certificates of debt issued, or, if, after the creation of the mortgage the same had been assigned in parcels by the mortgagee to those that wished to invest their money in the same (and this is no imaginary case, for it has been more than once done within the experience of

counsel.)  (*d.*)  There would have been the same exemption
if the bonds and certificates of debt issued in this case did
not bear interest, because then they would not come within
the terms of section 88.    Nothing would be easier than to
make a corporate loan in this way, and the purchase at a
discount (as is done in the case of commercial paper),
would serve the investor's purpose just as well as a purchase
at par of an interest-bearing security.

Much the same reasoning that applies to the effect of the
State Constitution on the legislation in question, bears also
upon the effect of the 14th Amendment of the U. S. Con-
stitution.    Under this, it has been decided that a corpora-
tion is within the protection of the amendment.    *Silver Co.*
v. *Pa.*, 125 U. S. 181.

That this amendment is a protection against discrimina-
tion in taxation has been repeatedly decided.    *Cummings*
v. *The Bank*, 101 U. S. 153 ; *Railroad Tax Cases*, 92 U. S.
575 ; *Santa Clara County* v. *S. Pacific R. R.*, 18th Fed.
Rep. 385, 399 ; *Santa Clara County* v. *S. Pacific R. R.*, 118
U. S. 394 ; *San Mateo Co.* v. *The Same*, 13th Fed. Rep. 722,
733 ; *San Mateo Co.* v. *The Same*, 116 U. S. 138 ; *Northern
Pacific R. R.* v. *Walker*, 47 Fed. Rep. 681, 686 ; *Railroad
Cases*, 118 U. S. 394, 396, 410 ; *Spencer* v. *Merchant*, 125
U. S. 345, 352 ; *Express Co.* v. *Seibert*, 142 U. S. 354;
*Giozza* v. *Tiernan,* 148 U. S. 662 ; *Bell Gap Railroad* v.
*Pennsylvania*, 134 U. S. 236 ; *Railroad Tax Case*, 8th Saw-
yer, U. S. 312.

If the bonds in question are liable to taxation, it must be
under sec. 88.    That section does not absolutely tax bonds
of a corporation secured by mortgage upon property
wholly within the State, but declares that they shall be
taxed in the same manner as bonds secured by mortgage
upon property partly within the State.

If, therefore, they are taxable at all, we must be able to
find in some section of the Code a provision taxing bonds
or certificates of debt, bearing interest, issued by a railroad
or other corporation of this State, " secured by mortgage

of property partly within this State and partly in some other State or States."

We respectfully submit that the Code contains no provision taxing bonds or certificates of debt, bearing interest, " secured by mortgage of property partly within the State of Maryland, and partly in some other State or States." While section 2 subjects to taxation *all bonds* issued by any corporation, belonging to residents of this State, and all investments in private securities of every kind and description, belonging to residents of this State, yet section 4 expressly declares, that *none* of the provisions of said section 2 *shall apply* to *mortgage debts* secured by mortgages upon property wholly within the State of Maryland; therefore, as the bonds owned by the defendant in the Court below, Mrs. Simpson, are mortgage debts secured by mortgages on property wholly within the State of Maryland, the provisions of section 2 do not apply to said bonds. We must therefore look elsewhere to find some provision taxing bonds or certificates of debt, bearing interest, issued by corporations, secured by mortgage upon property partly within the State of Maryland, and partly in some other State or States, before Mrs. Simpson's bonds are taxable under section 88 of Article 81. As we have before said, no such provision can be found.

But even if we are to look for such provision in section 2, we respectfully submit that it will not be found there. It is true that said section does tax all bonds issued by corporations, belonging to residents of this State, yet, it is respectfully submitted, that this provision could not have been the one intended to be referred to in section 88 by the provision, " bonds or certificates of debt, bearing interest, and secured by mortgage of property partly in this State, &c." Because if such had been the intention, the language would have been "*all* bonds, &c., belonging to residents of this State." Now, there is certainly nothing to show that all bonds, &c., are secured by mortgages, and still less to show that all such bonds are secured by mort-

gages of property partly within and partly without the State.

*Thomas G. Hayes, City Counsellor,* for the appellee.

Code, Art. 81, sec. 88, is not unconstitutional. The mortgage debt in the hands of the mortgagee is property liable to taxation. The thing taxed by section 88 and exempt in other sections, is a debt. The power to exempt from taxation is solely with the Legislatnre, and if not arbitrary the propriety and legality of the exemption is alone for the Legislature, and not for the judiciary.

The appellants, however, contend that inasmuch as all mortgage debts are not taxed, that the rule of uniformity, as prescribed by the 15th Article, is violated by section 88, and hence said section is void. The classes of mortgage debts, which the appellants claim under the existing law, are not taxed, are as follows: 1. Mortgage debts of natural persons. 2. Homestead and building society mortgage debts. 3. Foreign corporation mortgage debts on property located and mortgaged in this State. 4. Bonds, &c., of corporations secured by mortgage which do not pay interest.

The very best of reasons, both from a public policy and an economic standpoint, may be assigned for the exemption of every one of the above recited mortgage debts, and the propriety of taxing the mortgage debts of the class referred to in section 88, if it were a judicial question and open to the Court in this suit.

Among the many reasons which may be mentioned as indicating the wisdom of the policy of the Legislature in taxing the mortgage debt named in section 88, and of exempting those mortgage debts which the appellants contend creates an unlawful discrimination, are the following:

It must be remembered that the almost universal experience of mankind is that when a debt is taxed in the hands of the lender or creditor, the borrower or debtor pays the tax. It makes very little difference what the law is, the

fact being even if the law prohibits the borrower from paying the tax, he is nevertheless required by some device to pay the tax. In Maryland the law provides that the mortgagee may actually require the mortgagor to pay the taxes on the loan, and that such a covenant may be inserted in the mortgage. (See section 5, Article 66 of the Code.) When the mortgage is given by a natural person, the tax being paid by the mortgagor, both on the debt and property mortgaged, he is subjected to double taxation. The debt in such a case diminishes the capacity or ability of the borrower to pay, and it is a wide and almost universal practice in the tax system of all States to exempt this mortgage debt. The reverse is the case in corporations of the class named in section 88, and it is proper to pay taxes on the mortgage debt, as it will escape entirely if not so taxed. This is fully shown by the statements referred to in another part of this brief. The holder may require the mortgagor to pay this tax, and it is but fair and just that it should do so. For a full discussion of the question, see *Ely on Taxation* (American), States and Cities, 325, 338 ; *Prof. Seligman, " Taxation of Corporations,"* in 5 Political Science Quarterly, 274, 637–8, 652–3.

Homestead and Building Societies are not corporations for the accumulation of money, but for providing homes for the members, and inasmuch as the homes on which the mortgages are given are taxed, it is proper the mortgage debt should be exempt. These were exempt in the income tax law, and the above was the reason assigned for the exemption. *Income Tax Case,* 157, 158 U. S. 429, 693 ; see also *Barry on Bld. Ass.,* pages 48, 111 ; *Endlich Law of Bld. Ass.,* sec. 1 ; *Loan Ass.* v. *Morgan,* 57 Ala. 53.

Foreign corporations are exempt on their mortgage debt because the home State may tax the bonded or mortgaged indebtedness of the corporation, under the well-recognized rule of bonded indebtedness, plus stock, being the taxable value of corporations.

It is apparent that the exemption in section 4 was con-

fined to mortgages and debts *wholly* in this State; and those only partly in the State were not included, and remained taxable. Then, in 1884, the Legislature, by the 88th section of Article 81 of Code, placed back in the taxable class the bonds and certificates of debt described in said section, and provided that the owners thereof should be taxed "in the same manner as like bonds or certificates of debt bearing interest and secured by mortgage of property partly in this State and partly in some other State or States, are now subject under the laws of this State." This latter class was never exempt; the exemption was limited to mortgage on property *wholly* in this State.

The bonds in question, if not taxed in the hands of the defendants, will not be taxed at all, as the taxable value of the Gas Company do not include the value of these bonds which are a part of the producing capital of said company and should be somewhere taxed. The facts show that the bonded debt of a corporation like the Gas Company, is a part of its producing capital and increases its ability to pay taxes, while the mortgage indebtedness of a natural person, as is well known, diminishes his ability to pay taxes, and hence it is a wise policy of the Legislature which taxes the former and exempts the latter. Prof. Seligman on this subject says: "The logical basis of corporate taxation is the total annual revenue from all sources, minus all actual expenditures *except interest and taxes*. The reason for not deducting fixed charges, *i. e.*, interest on the bonds, is the same as that which leads Connecticut to try its railroad tax on capital plus debt, and which made the federal government tax coupons as well as dividends. *Both together represent earning capacity.* Although the interest on the bonded debt is known by the name of fixed charges, it is in reality part of the profits which, in the absence of bonded debt, would go to the shareholders as dividends. It would be suicidal so to frame the definition of net receipts as to exclude this interest on bonds. Net receipts of a corporation mean gross

receipts minus actual current expenses.  Any other defini-
tion would confuse the whole conception." 5 *Political
Science Quarterly*, 456.

BRISCOE, J., delivered the opinion of the Court.

The appellee, collector of State and city taxes of Balti-
more City, brought suit against the appellants to recover
taxes for three years alleged to be due on certain bonds of
the Consolidated Gas Company of Baltimore City, owned
by the appellants.  It is admitted that these bonds are se-
cured by a mortgage upon the property of the corporation
which is wholly within this State and that the company is
a Maryland corporation.  The facts are undisputed and
submitted by an agreement of facts, in the record.  It is
contended by the appellee that the bonds in question are
liable to taxation under the provisions of Art. 81, sec. 88
of the Code, which is as follows: " All bonds and certifi-
cates of debt bearing interest, issued by any railroad cor-
poration or other corporation of this State, secured by
mortgage of property wholly within this State, shall be sub-
ject to assessment and taxation to the owner or owners
thereof, in the same manner as like bonds or certificates of
debt bearing interest and secured by mortgage of property,
partly in this State and partly in some other State or States,
are now subject under the laws of this State, and it shall be
the duty of the county commissioners of the several coun-
ties, and the Appeal Tax Court of Baltimore City, to assess
all such bonds and certificates of debt to the owner or
owners thereof resident in their several counties or in the
city of Baltimore, respectively."   And section 4 of the same
Article of the Code makes certain exemptions from taxa-
tion by providing that the preceding sections relating to
valuation and assessment shall not apply to mortgages upon
property wholly within the State, nor to the mortgage debts
secured thereby, nor to such portions of the shares of home-
stead and building associations as shall be represented by
mortgages  upon  real  or  leasehold  property  within  this

State, when such real or leasehold estate so mortgaged is subject to taxation under the laws of this State, nor to such mortgages when the real or leasehold estate so mortgaged is subject to taxation under the laws of this State.

The appellants contend that the bonds in question are not liable to taxation for reasons which we will consider in their regular order: First, because section 88 of Article 81 of the Code of Public General Laws is unconstitutional and void, by reason of its being a discrimination against a special kind of property, which is forbidden by Art. 15 of the Declaration of Rights. It appears that under the statute the bonds of a corporation secured by mortgage are subject to taxation in the hands of the holders, while the debt of an individual secured by mortgage is exempt.

The first question, then, is whether in this case the taxation of corporate bonds secured by mortgage is such a discrimination between the same kinds of property as to be against the rule requiring uniformity of taxation and unconstitutional under Art. 15 of the Declaration of Rights.

Now it has been settled by repeated decisions of this Court that a debt, whether secured by mortgage or not, is property in the hands of the creditor liable to taxation, and that such debt when secured by mortgage may be assessed to the mortgagee while the mortgaged property may also be assessed for taxation to the mortgagor. *U. S. E. Pt. & L. Co.* v. *State,* 79 Md. 72; *Allen* v. *County Commissioners Harford County,* 74 Md. 296; *Mayor, &c.,* v. *Canton Company,* 63 Md. 237; *Rice's case,* 50 Md. 319. There can be no question, then, as to the power of the State to tax a debt of corporation secured by mortgage.

And it has also been settled that Art. 15 of the Declaration of Rights constitutes no bar to the right of the Legislature to exempt certain kinds of property from taxation, when that exemption is not an arbitrary discrimination in favor of a particular class. In *Buchanan* v. *County Commissioners of Talbot Co.,* 47 Md. 293, referring to the Act of 1874, ch. 483, which exempted mortgage debts from taxa-

tion, this Court said: "But it is equally evident it was not the intention to impose taxes upon every kind of debt. Express discrimination is made as to the character of the debt liable to taxation. The authority of the Legislature to make such discrimination and to exempt any species of property from taxation, according to its views of public policy, cannot be questioned. Its power to do so has been exercised from the origin of the government." *Wells* v. *Commissioners of Hyattsville*, 77 Md. 139; *Bank of Commerce* v. *New York*, 2 Black 631. In the recent case of *State* v. *Applegarth*, 81 Md., 293 it was shown that the greatest diversity existed as to the different classes upon whom license taxes are imposed. We cannot then assent to the proposition that the taxation of the bonds of a corporation secured by mortgage, while the debt of an individual so secured is exempt, is an arbitrary discrimination against corporations or the holders of corporate securities.

An individual's true worth for the purposes of taxation consists of his real and personal property, but in the case of a corporation its franchise, its borrowing power, its earning capacity; its real worth, are not represented merely by its visible property and shares of stock. The taxable value of a corporation is its bonded indebtedness together with its stock. In support of this JUSTICE MILLER, in *State Tax cases*, 92 U. S. 605, said: "It is, therefore, obvious that when you have ascertained the current cash value of the whole funded debt and the current cash value of the entire number of shares, you have, by the action of those who above all others can best estimate it, ascertained the true value of the road, all its property, its capital stock and its franchises; for these are all represented by the value of its bonded debt and of the shares of its capital stock."

It is quite apparent, then, that this exemption of the mortgage debt of an individual and taxation of the mortgage bonds of a corporation in the hands of the respective creditors is not an arbitrary and unreasonable discrimination between the same classes of property. And unless the dis-

crimination be arbitrary, then the wisdom of the exemption is within the discretion of the Legislature, and is not subject to control by the Courts.

But it is also contended on the part of the appellants that there is no uniformity in the taxation of the mortgage debts of corporations, under Act 81 of the Code, because shares of homestead and building associations represented by mortgages on land are exempt and because the language of section 88 applies only to bonds and certificates of debt bearing interest secured by mortgage of property wholly within this State.

As to homestead associations we need only say that the character of these associations, which are not intended to be money-making corporations, is such that this exemption cannot be considered as arbitrary.

So far as the alleged exemption of the bonds of foreign corporations secured by mortgages upon property wholly within the State is concerned, it is only necessary to say that should it be conceded that this class of bonds are exempt, there can be no question that the State can relinquish its right to tax the bonds of foreign corporations without affecting its power to tax the bonds of its own corporations owned by its citizens. Nor can the alleged exemption of the bonds of a corporation, which do not bear interest, be regarded as arbitrary discrimination. The difference between a security that produces interest and one that does not, and the reasons for the taxation of the one and the exemption of the other, are both clear and obvious. The true test of a taxable value is the producing value to the owner.

The second contention of the appellant is that the alleged discrimination in the taxation of the bonds is unconstitutional under the 14th Amendment of the Constitution of the U. S. Now it has been shown that the discrimination in this case is not arbitrary or hostile, but is based upon sound reasons of public policy. In the case of *Bell's Gap Railroad Co.* v. *Pa.*, 134 U. S. 237, the Supreme Court said, that the provision in the Fourteenth Amendment, that no

State shall deny to any person within its jurisdiction the equal protection of the laws, was not intended to prevent a State from adjusting its system of taxation in all proper and reasonable ways; that it was not intended to compel the State to adopt an iron rule of equaltaxation. " If that were its proper construction, it would not only supersede all those constitutional provisions and laws of some of the States, whose object is to secure equality of taxation and which are usually accompanied with qualifications deemed material, but it would render nugatory those discriminations which the best interests of society require." And to the same effect are the cases of *Pacific Ex. Co.* v. *Seibert*, 142 U. S. 339, and *Jennings* v. *Coal R. Imp. Co.*, 147 U. S. 147. It follows, then, as section 88 of Article 81 of the Code is not in conflict with the provisions of 14th Amendment of Constitution of the U. S., that this contention of the appellants cannot be maintained.

We come then to the appellants' third and last objection, and that is: "That inasmuch as section 88 of Article 81 says that such mortgage bonds as those in question in this case shall be assessed and taxed in the same manner as like bonds are under the laws of the State, where secured by mortgage of property partly within and partly without the State, and neither the Code nor the subsequent Acts of the Assembly contain a provision for the assessment and taxation of the last mentioned mortgages, therefore section 88 of Article 81 is a nullity."

Now while there is no provision in terms for the taxation of bonds secured by mortgage upon property partly within and partly without the State, yet there can be no doubt that such bonds are liable to taxation under the provisions of Art. 81, sec. 2 of the Code, which provides for the taxation of " all bonds made or issued by any territory or corporation belonging to residents of this State, all investments in private securities of every kind and description belonging to residents of this State, and all other property of every kind, nature and description within this State."

It is true that section 4 of Art. 81, which contains the exemption, declares that none of the provisions of sec. 2 shall apply to mortgages upon property wholly within this State, nor to the mortgage debt secured thereby, but the exemption was limited to the mortgage and the debt secured thereby wholly in the State, and a mortgage debt upon property only partly within the State, is not within the terms of the exemption. But if such mortgage debt is taxable, then the language of sec. 88, by which the tax upon the bonds in question is imposed, cannot be regarded as a nullity, because there is no provision elsewhere in the law relating expressly to the taxation of the bonds of corporations secured by mortgage upon property partly within and partly without the State. Obviously these bonds are within the terms of section 2, and it is equally clear that they are not within the terms of the exemption employed in section 4. There was no error, then, in the rejection of the appellant's prayer nor in the admission of the testimony in the appellant's bill of exception, and for the reasons heretofore given the judgment will be affirmed.

*Judgment affirmed with costs.*