# THE MAYOR AND CITY COUNCIL OF BALTIMORE ET AL. *vs.* THE MINISTER AND TRUSTEES OF THE STARR METHODIST PROTESTANT CHURCH.

*Invalidity of Statute Exempting From Taxation a Wharf Owned by a Church.*

A statute which exempts from taxation certain wharf property owned by a religious society, while similar property owned by other religious societies is taxable, is unconstitutional and void because in conflict with Declaration of Rights, Art. 15, which provides for equality in taxation.

Code, Art. 81, sec. 4, directs that certain designated kinds of property owned by religious societies shall be exempt from taxation. The Act of 1904, ch. 263, provided that a particular wharf, owned by a certain church, should be exempt from municipal taxation. *Held,* that this Act is void because in conflict with Constitution, Art. 3, sec. 33, which declares that the General Assembly shall pass no special law for any case for which provision has been made by an existing general law.

*Decided June 26th, 1907.*

Appeal from Circuit Court No. 2, of Baltimore City (WICKES, J.)

The cause was argued before BRISCOE, BOYD, PEARCE, SCHMUCKER and ROGERS, JJ.

*Albert C. Ritchie, Assistant City Solicitor* (with whom was *W. Cabell Bruce, City Solicitor,* on the brief), for the appellants.

*Alonzo L. Miles,* for the appellee.

ROGERS, J., delivered the opinion of the Court.

This is an appeal from a decree passed by the Circuit Court No. 2, of Baltimore City, enjoining Henry Williams, City Collector, from selling for the purpose of State and municipal

taxes certain wharf property in Baltimore City, the income, rents and profits of which belong to the appellee, and further enjoining the Mayor and City Council of Baltimore and the Appeal Tax Court from assessing said wharf property for the purposes of municipal taxation.

The appellee is an incorporated religious body and a branch of "The Trustees of the Maryland Annual Conference of the Methodist Protestant Church," incorporated by the Acts of the General Assembly of Maryland of 1890, ch. 181.

A certain Wesley Starr, late of Baltimore City, deceased, by his last will and testament gave and devised "unto 'The Minister and Trustees of the Starr Methodist Protestant Church' in Baltimore City, as a kind of endowment, the rents, profits and yearly income of the wharf opposite the lot on Light street, in said city, purchased from J. H. B. Latrobe, trustee and others, January 1st, 1842, and at the death or marriage of my daughter-in-law, Mrs. Laura Starr, whichever shall first occur, the yearly rent of two hundred and forty dollars reserved in the said lease from me to them of May last, to be held and enjoyed by said church for and during all time as may elapse, before the corporate authorities, official members or membership of said church shall admit any musical instrument as distinguished from the human voice, into the Sabbath school singing, choir or choir rehearsals or singing schools of said church, held either on the church premises or elsewhere, or shall attempt—I trust they never will—to raise money by the holding—now somewhat fashionable, either in the church or Sabbath school room or elsewhere, of any fair, festival or concert of instrumental music, or by the delivery of any irreligious or political lecture or the still more demoralizing and sinful mode, should the churches ever so far degenerate as to adopt it, of balls, parties, lotteries, theatrical performances, raffles or the voting for distinguished individuals; when, and upon the happening of any of these contingencies, the said wharf property and ground rents shall fall into the residuum of my estate and be subject to the disposal hereinafter made thereof; and I give and release unto said church all ground

rent in arrear under my lease to them and the accruing rent computed to the day of my decease."

The church has collected the rents from said wharf property since Mr. Starr's death, and paid the taxes on said property until the year 1904, when the Legislature, by ch. 263 of the Acts of 1904, passed an Act, exempting said wharf property from taxation, as follows:

An Act to exempt from taxation certain wharf property on Light street, in the city of Baltimore, belonging to the Minister and Trustees of the Starr Methodist Protestant Church, in Baltimore City.

Whereas, Wesley Starr, late of Baltimore City, deceased, by his last will and testament, dated the twentieth day of February, in the year 1866, devised and bequeathed unto the Minister and Trustees of Starr Methodist Protestant Church in Baltimore City, the rents, profits and yearly income of certain wharf property on Light street, in Baltimore City, hereinafter referred to; and

Whereas, the restrictions and conditions thrown around said devise and bequest are such as that the said Minister and Trustees of Starr Methodist Protestant Church are deprived of the full enjoyment thereof, without seriously affecting their proper mode of worship; and

Whereas, it will be a great relief and benefit to said religious body to exempt said wharf property from taxation.

Secion 1. Be it enacted by the General Assembly of Maryland, that the wharf property on Light street, in the City of Baltimore, opposite the lot on said Light street, conveyed to Wesley Starr by John H. B. Latrobe and others, trustees, by deed of January 1st, 1842, and recorded among the Land Records of Baltimore City. in Liber T. K. No. 315, page 316, and by said Wesley Starr devised and bequeathed unto the Minister and Trustees of Starr Methodist Protestant Church, of the city of Baltimore, said wharf property fronting thirty-one feet and one inch on Light street, beginning at the intersection of Pratt and Light streets, shall be, and the same is hereby forever exempted from municipal taxation so long as the said property, or the income therefrom, shall be owned and enjoyed by the said Minister and Trustees of Starr Methodist Protestant Church, and that all taxes in arrear upon said property are hereby released and remitted.

Section 2. And be it enacted, that this Act shall take effect from the date of its passage.

Approved April 12, 1904.

Notwithstanding the passage of the Act of 1904 exempting said wharf property from taxation, the Appeal Tax Court of Baltimore City retained the property on its assessment books and the city collector on Nov. 19th, 1906, advertised said property for sale for non-payment of taxes.

The Minister and Trustees of Starr Methodist Protestant Church filed its bill of complaint, in the Circuit Court No. 2 of Baltimore City, setting forth the provisions of chapter 263 of the Acts of 1904 and prayed that the appellant, Henry Williams, City Collector, be enjoined from selling the aforesaid wharf property and that the Judges of the Appeal Tax Court be required to strike from the tax books of the City of Balti-more, the said property in so far as the same is assessed to the appellee. The Court ordered the preliminary injunction to be issued as prayed, with leave to appellants to move for its dissolution. After motion to dismiss and hearing, the prelim-inary injunction was made permanent, by final order of the Court, and from that order this appeal is taken.

It is apparent that the constitutionality *vel non* of the Act of 1904, chapter 263, lies at the root of this contention, and as the determination of that question will settle the entire matter, we will confine this discussion to that point, because if null and void, it confers no exemption upon the property in question from assessment and taxation for municipal purposes. In support of the appellant's position reference is made to the Declaration of Rights, article 15, which provides that "every person in the State, or person holding property therein, ought to contribute his proportion of public taxes for the support of the Government, according to his actual worth in real or personal property; yet fines, duties or taxes may properly and justly be imposed, or laid, with a political view for the good government and benefit of the community." This provision has, with a slight but not material change of phraseology, been a part of the organic law of Maryland for considerably more than a century. Its predominant object is to provide by a fixed enactment equality in taxation, and to prevent, as far as possible, the burden of supporting the goverment from fall-

ing upon some individuals to the exclusion or exemption of others. It prohibits unjust discriminations, and whilst it remains in force the land owner, be his possessions large or small, will have an absolute and complete guarantee that public taxes cannot be imposed upon him while others who are equally responsible in the law may have themselves relieved of this burden by the partiality of legislative enactment, without sub-serving any public policy. Its theory is that the distribution of the burden over every class of property alike, will lessen the proportion of each individuals contribution, whereby oppressive exactions from the owners of any particular class of property will be impossible. This has been the uniform and consistent principle always followed in Maryland; eminently just in itself as a sound and long accepted axiom of political economy, it has been incorporated in her organic law since November 3rd, 1776; it has been upheld by her Courts and steadily and tenaciously adhered to by her conservative people.

By the Act of 1904 not only under the construction placed upon it by the appellee but palpably by reason of its exemption attempts to overthrow this salutary principle and to disregard Art. 15 of the Declaration of Rights, and to substitute a novel and experimental scheme, which if suffered to obtain a foothold will inevitably lead to ruinous consequences. If the Legislature may lawfully do this in this particular instance, why not in another, and another, until there would be an almost indefinite number of exemptions, and we think such Acts should be stricken down as null, and inoperative, repugnant to the organic law, and prolific of obvious abuses.

We are not to be understood as denying to the Legislature the power, when State policy and considerations beneficial to the public justify it, to exempt, within reasonable limits, some species of property from taxation. A long continued practice, nearly contemporaneous in its origin with the adoption of the Constitution itself, and many adjudged and carefully considered cases decided by this Court, abundantly support that power. But a power to exempt for reasons and upon consid-

erations which are sufficient to uphold the exemption, is not a power to nullify the Constitution of the State.

It will not be denied at this late day that the Legislature has the power, *within reasonable limits*, to exempt certain *species* or *classes* of property from taxation, when the *public interests* so require. This is actually done in the case of houses used exclusively for public worship, and the grounds appurtenant thereto, in the case of graveyards and cemeteries, and in the case of hospitals, asylums and benenevolent institutions. (Code, 1904, Art. 81, sec. 4). The validity of provisions of this kind is too well established to be now questioned. But it will be perceived in these cases *all* the property of the *class* indicated is exempted. The Legislature does not exempt *some* houses of public worship and tax others. It does not exempt *some* graveyards and cemeteries, *some* hospitals, and then tax other properties of exactly the same kind. It does not arbitrarily say that *this* particular house of public worship shall be exempt, but *that* one shall be taxed. On the contrary, *all* property falling within any one of the classes mentioned in Sec. 4, is exempt. There is therefore no arbitrary discrimination between different properties of the same kind, but all are treated alike.

To apply this principle to the case at bar, it must be apparent that if the revenue producing property of the Starr Church is exempt, while the similar property of all other churches is taxable, the result will be *inequality*, instead of equality, in taxation, and the burden of supporting the Government will fall upon such other churches to the exclusion and exemption of the Starr Church. The burden of taxation will not be distributed over *every class* of property alike, but on the contrary, one piece of a particular class of property will be exempt, while all the other properties of the same class will be taxable.

When State policy and considerations beneficial to the public justify it, exemptions within reasonable limits, may be made. 1. When *public* policy justifies it. 2. The exemption must be within reasonable limits. 3. The property which may be exempted is same *species of* property. When these

elements exist, then the wisdom of the exemption is for the Legislature and not for the Courts.    Will the case before us bear this test?

1.  Does public policy justify the exemption?    On the contrary it is confined solely to the *relief and benefit of* the appellee.

2.  The exemption is not within reasonable limits because it is *absolutely* arbitrary.

3.  The exemption does not apply to a *species* or class of property, but to one piece of property only, leaving all other property of the same class or species subject to taxation; and for no other reason except the purely arbitrary one of a benefit or personal favor to the appellee and no one else.    *Wells* v. *Hyattsville*, 77 Md. 125.    And unless the discrimination be arbitrary, then the wisdom of the exemption is within the discretion of the Legislature, and is not subject to control by the Courts.    *Simpson* v. *Hopkins*, 82 Md. 489.    This can only mean that if the discrimination is arbitrary, then it *is* subject to control by the Courts.    So that where the revenue-producing property of all other churches continues taxable, and the revenue-producing property of this church is made exempt, such exemption can be nothing else than an arbitrary discrimination between the property of the appellee and all other property of the same species or kind owned by similar corporations, and such an arbitrary exemption must be void under Art. 15 of Declaration of Rights.

Not only is it unlawful for the Legislature to exempt one man's property and tax another of exactly the same kind, but the Legislature may not impose a tax upon the property of one person at one rate, and upon the property of another at a different rate.    A *fortiori* the Legislature should not tax the revenue-producing property of all churches except one, and for this prescribe, not a different rate, but no rate at all; in other words exemption.    *State* v. *P. W. & B. R. R. Co.* 45 Md. 361.

So this Court has said in *Wilkins Co.* v. *Baltimore City*, 103 Md. 293.    "The State has full power to exempt any *class* of

property as it may deem best according to its views of public policy.     It cannot be now questioned, that a State may *classify* property in all *proper and reasonable ways*, provided the discriminations are based upon some sound reasons of *public policy* and are not arbitrary or *hostile.*"

JUSTICE FIELD said in *Santa Clara* v. *Southern Pacific Railroad Co.* 18 Fed. Rep. 385, referring to the guarantee of equal protection.     "It implies not only that the means which the laws afford for such security shall be equally accessible to him, but that *no one shall be subject to any greater burdens or charges than such as are imposed upon all others under like circumstances.     \* \* \**     Equal protection is the same protection under the same circumstances; all are to stand alike in like intrinsic conditions."

Again in *Railway* v. *Ellis*, 165 U. S. 153, JUSTICE BREWER says: "In all cases it must appear not only that a classification *has been made*, but also that it is one based upon reasonable ground—some difference which bears a *just and proper relation* to the attempted classification—and is not mere *arbitrary selection.*"

In the case we are considering no classification has been made at all, so that the law lacks the very first element which it must have, to gratify the Fourteenth Amendment of the Constitution.     It is simply an *arbitrary* selection of the property of the appellee, and the conferring of a favor upon it, which is denied all other owners of similar property.     If this can be done in one case it can be done in another, and it would then be in the power of the Legislature to willfully discriminate between its citizens, taxing some on account of their property, and at the same time exempting others similarly situated, and all while acting under no reasonable, just or proper rule whatever, but solely at the dictation of its own caprice. Even an unreasonable *classification* of property is prohibited by the Fourteenth Amendment.     All the more must a perfectly unreasonable *discrimination* between properties in the *same class* be prohibited by the same amendment.

Again we think this act is invalid because in conflict with

Art. 3, Sec. 33 of the Constitution of Maryland, which provides that "the General Assembly shall pass no special law for any case for which provision has been made by an existing general law."

Sec. 4, Art. 81 of the Code, title Exemptions, specifies several different classes of property which shall be exempt from taxation, viz. "to houses or buildings used exclusively for public worship, nor to the furniture contained therein, nor to the parsonage connected there with, nor to the ground appurtenant to such houses, nor to buildings so exclusively used for public worship or as parsonages which are necessary for the respective uses thereof." All property of the kind thus described is exempt from taxation. Here then is a *general law* declaring in what cases the property of religious bodies shall be exempt, and specifying in detail just what kinds of such property shall enjoy exemption. But the Act of 1904, Chap. 263 is a *special law* providing exemption for the property of a religious body. When the cases in which the property of religious bodies shall have exemption are already covered by a *general law*. It is a *special law* for a case for which provision has been made by an *existing general law*, and as such is void because in contravention of Art. 3 sec. 33 of the Constitution.

We think in the present case that this is a special law exempting the wharf property of the appellee from municipal taxation and is void, because it relates to the exemption from taxation of the property of a religious body, and this is a subject for which provision has already been made by an existing general law, namely Art. 81, sec. 4 of the code. The special laws contemplated by the Constitution, are those that provide for individual cases.

The object of the provision of the Constitution relied on, was to prevent the abuses that occurred in the great multiplicity of Legislation for particular and individual cases, and not to prevent legislation to meet the wants of communities less extensive in their territorial limits than the State. *State*

v. *County Commrs. of Baltimore Co.*, 29 Md. 520; *Baltimore City* v. *Allegany Co.*, 99 Md. 12.

For.the reasons assigned above the decree of the Circuit Court No. 2 of Baltimore City, passed in this case making the injunction perpetual must be reversed and the bill dismissed and the injunction dissolved.   The appellees to pay the costs above and below.

*Decree reversed and bill dismissed.*