# THE MAYOR AND CITY COUNCIL OF BALTIMORE
### AND
# THE COMMISSIONERS FOR OPENING STREETS OF BALTIMORE

*vs.*

## WINFIELD S. CAHILL.

*Assessments for benefits for public improvements: rights not affected by existence of funds specially provided.*
*Taxation: exemptions by special Act;*
*when unconstitutional.*

Assessments for benefits, in particular localities, in cases of local improvements, are governed generally by the principles of the sovereign power of taxation.                              p. 601

The fact, that a special fund has otherwise been provided for such purposes, is no objection to the assessment of benefits for the same improvements.                                  p. 601

Chapter 470 of the Acts of 1914, exempting local property from such assessment, creates an arbitrary and unreasonable exemption from taxation, is based on no proper or reasonable classification, and is unconstitutional.                    p. 605

After the expiration of the time allowed by statute for appeals from the assessments for benefits for public improvements, such assessments become final, and become debts due the municipality, excepting as to such cases wherein appeals were taken.                                              p. 604

*Decided June 22nd, 1915.*

Appeal from the Baltimore City Court.   (GORTER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*S. S. Field, City Solicitor,* for the appellants.

*Clifton S. Brown, Albert C. Ritchie* and *George Weems Williams,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from the rulings of the Baltimore City Court on certain proceedings by the Commissioners for Opening Streets in the matter of the condemnation and opening of the Key Highway as a public highway of Baltimore City from Montgomery street to Lawrence street, in that city.

The record contains ten bills of exceptions presenting the rulings of the Court upon motion to quash, the admissibility of evidence and the prayers, reserved by the City in the course of the trial, and which are fully set out in the record now before us.

The proceedings were had under an Ordinance of the Mayor and City Council of Baltimore City, approved the 28th of April, 1913, and known as Ordinance No. 261, in continuation of the highway as opened to Montgomery street under Ordinance No. 682, approved May 3, 1911.

By section 2 of the Ordinance, it was ordained that the proceedings of the Commissioners for Opening Streets, with reference to the condemnation and opening of the highway and the proceedings and rights of all parties interested or affected thereby, should be regulated by and be in accordance with all such provisions of Article 4 of the Public Local Laws of

598    M. & C. C. OF BALTO. vs. CAHILL.

Opinion of the Court.                    [126

Maryland, as enacted by Chapter 123 of the Acts of the General Assembly of Maryland of the year 1898 (commonly known as the New Charter of Baltimore City), as may be applicable thereto, as well as all amendments thereof, and also any other Acts of the General Assembly of Maryland which may be applicable thereto; and also in accordance with any and all ordinances of the Mayor and City Council of Baltimore now in force and applicable thereto.   It was further provided, that in honor of the distinguished Marylander, Francis Scott Key, and in commemoration of his having written "The Star-Spangled Banner" in the harbor near the terminus of the highway begun under Ordinance No. 682, approved May 3, 1911, and to be continued under this ordinance, that the highway be called and named the "Key Highway."

These ordinances were passed, in pursuance of Chapter 485 of the Acts of 1910 (p. 630), known as the Harbor Loan Act, providing for a general plan of harbor improvements in the City of Baltimore.

This Act authorized and empowered the Mayor and City Council of Baltimore, as provided by its title, to issue its stock to an amount not exceeding five million of dollars, for the purpose of defraying the cost and expenses of laying out, projecting, constructing and establishing a pier or piers adjacent to and along the Patapsco River and its tributaries, both within the limits of the City of Baltimore, including the acquisition of property and streets * * *, the laying out, closing, grading and paving of streets * * *, and the doing of all other things that may be necessary to carry out the proper and final completion of a pier or piers, adjacent to and along the Patapsco River and its tributaries.

The Act further authorized the submission of ordinances to the legal voters of the City for approval, and also invested the Mayor and City Council of Baltimore with full power and authority to carry into effect the improvements and the public works provided by the Act.   The money received from

the stock should be placed to the credit of a special fund to be known as "the Harbor Improvement Fund," and was to be specially applicable to the work and objects specified in the Act.

The approval of the legal voters of the City having been obtained, as required by the Act, the City proceeded under Ordinance No. 261, to open what is called the second section of the Key Highway, from Montgomery to Lawrence streets, and in the course of their proceeding, assessed benefits against the property of the appellee, abutting on and adjacent to the Highway, in the sum of $5,761.00, under section 175 of the City Charter (City Code, 1906, p. 191), and under section 4 of the Act of 1910, Chapter 485 (p. 630).

It appears from the record, that the final return of the Commissioners in this case, was made on the 16th of February, 1914, and subsequently on the 21st of February, 1914, the appellee filed his petition in the Baltimore City Court praying an appeal from the award of damages and assessment of benefits, made by the Commissioners, under the ordinance.

The appellee's objection to the assessment of benefits against the property here in question, is based upon the Act of 1914, Chapter 470, and is specifically set out in the defendant's first bill of exception, to the action of the Court in sustaining the petitioner's motion to quash the proceedings, so far as they relate to the assessment of benefits.

By the fourth paragraph of the petitioner's motion to quash it is alleged that subsequent to the assessment for benefits and to the date of this appeal, the Legislature of the State of Maryland on the 6th day of April, nineteen hundred and fourteen, passed an act which was signed by the Governor of the State of Maryland on the 16th day of April, nineteen hundred and fourteen, prohibiting the Mayor and City Council of Baltimore, or any of its officers, commissions, boards or agents from levying or collecting any assessment for benefits in connection with the condemnation, opening and widening of a highway in Baltimore City known as the Key Highway, which said highway extends from the east side of Light

street to the east side of Lawrence street in said city, which said Act is known as Chapter 470 of the Acts of 1914, and is as follows:

"An Act to prohibit the Mayor and City Council of Baltimore, or any of its officers, commissions, boards or agents from levying or collecting any assessments for benefits in connection with the condemnation, opening and widening of a highway in Baltimore City known as the Key Highway, which said highway extends from the east side of Light street to the east side of Lawrence street in said city.

Whereas the Mayor and City Council of Baltimore, acting under Chapter 485 of the Acts of 1910, of the General Assembly of Maryland, and Ordinance No. 682, approved May 3, 1911, of Baltimore City, and Ordinance No. 261, approved April 28, 1913, of Baltimore City, has proceeded to condemn and open a highway known as the Key Highway, extending from the east side of Light street to the east side of Lawrence street, in said city; and in connection with said condemnation and opening of said highway, has levied assessments for benefits against certain properties and owners of properties abutting on and adjacent to the said Key Highway; and

Whereas, while the said Act above referred to did not specifically exempt such properties and property owners from such assessment for benefits, yet it was the plain and manifest intention of said Act that all improvements made in pursuance of the provisions of said Act should be paid for wholly out of the funds to be raised by the issue of Baltimore City stock, authorized to be issued thereby.

Section 1. *Be it enacted by the General Assembly of Maryland,* That the Mayor and City Council of Baltimore, and all of its officers, commissions, boards or agents be and they are hereby prohibited from levying or collecting any assessments for benefits in connection with the condemnation and opening of the

said Key Highway, under the aforesaid Chapter 485, Acts of 1910, of the General Assembly of Maryland, and the said Ordinance No. 682, approved May 3, 1911, and Ordinance No. 261, approved April 28, 1913, of Baltimore City.

Section 2. *And be it enacted,* That this Act shall take effect from the date of its passage."

This brings us to the main and substantial question in the case, and that is the validity of the Act of 1914, Chapter 470, which is relied upon to defeat the right of the city, to assess benefits against the appellee's property, for the purposes set out in the Act of 1910, Chapter 485.

As to the question that benefits are not assessable on account of the improvement because a special fund had been provided for that object, we need only say, that this question was fully considered and disposed of by this Court in the cases of *P., B. & W. R. R. Co.* v. *M. & C. C. of Baltimore,* 121 Md. 508, and *Lauer* v. *Baltimore,* 110 Md. 447. This objection was distinctly held to be untenable and these cases are clearly controlling and conclusive on that question here.

It is now well settled by the decisions of the Federal and State Courts, that assessments for benefits are "governed generally by the principles of the sovereign power of taxation."

In *Lauer* v. *Baltimore City,* 110 Md. 448, following the previous decisions in this Court on this subject, it was said, the right to assess property in particular localities to the extent that it is deemed specially benefited by local improvements is to be referred to the power of taxation and has been recognized and sanctioned in all the States. The theory on which such assessments are made is that "those whose property is thus enhanced, and who thus receive peculiar benefits for the improvement, should contribute specially to defray its cost."

The Federal and State decisions upon this subject are

collected and reported in notes to the case of *Chicago M. and St. P. R. Co.* v. *Janesville,* 28 L. R. A. (N. S.) 1126.

The effect of the Act of 1914, Chapter 470, we think, is. to create an arbitrary and unreasonable exemption from taxation and is not based upon a proper and reasonable classification.

Mr. Cooley, in his work on *Taxation* says: "Exemptions, when properly made, must be determined in the legislative discretion, which is not, however, arbitrary; there must underlie its exercise some principle of public policy that can support a presumption that the public interest will be subserved by the exemptions allowed."

In *Gulf. C. & S. R. Co.* v. *Ellis,* 165 U. S. 165, MR. JUSTICE BREWER, in delivering the opinion of the Court, said: "In all cases it must appear not only that a classification has been made, but also that it is one based upon some reasonable ground—some difference which bears a just and proper relation to the attempted classification—and is not a mere arbitrary selection.

In *Luman* v. *Hitchens,* 90 Md. 25, it was said by this Court: "Whilst the Legislature may, under conditions, create classes and subject all persons coming within the classifications to burdens or duties not imposed upon individuals outside of the classes, these classifications must not be arbitrary or unreasonable, but must rest upon some difference which bears a reasonable and just relation to the Act in respect to which the classification is proposed."

In *Baltimore* v. *Starr Church,* 106 Md. 281, this Court said, in dealing with an exemption of property: "It is simply an arbitrary selection of the property of the appellee, and the conferring of a favor upon it, which is denied all other owners of similar property. If this can be done in one case, it can be done in another, and it would then be in the power of the Legislature to wilfully discriminate between its citizens, taxing some on account of their property, and at the same time exempting others, similarly situated, and all the

while acting under no reasonable, just or proper rule what-
ever, but solely at the dictation of its own caprice.   Even
an unreasonable classification of property is prohibited by
the Fourteenth Amendment.   All the more must a perfectly
unreasonable discrimination between properties in the same
class be prohibited by the same amendment."

In this case, as stated by the appellant in his brief, the
Act here in question (Act of 1914, Chapter 470) attempts to
exempt the property of the owners benefited by the opening
of the first two sections of Key Highway from the assessments
levied under section 175 of the Charter, leaving the property
holders benefited by the opening of every other street in
Baltimore City, either theretofore opened or thereafter to be
opened, to be assessed for the benefits received from such
opening.   It makes a discrimination in favor of the owners
of property abutting upon this street which is denied to the
owners of property abutting upon every other street in Balti-
more City which has been or which may hereafter be opened;
it creates an exemption in favor of owners of property abut-
ting on the Key Highway which is not enjoyed by the owners.
of property abutting upon the Fallsway; *P., B. & W. Rly.* v.
*Baltimore,* 121 Md. 504; and an exemption which is not
enjoyed by the owners of property abutting upon streets in
the Annex which have been opened under the Act of 1904,
Chapter 274; *Lauer's Case,* 110 Md.; although loans were
provided applicable to the opening of the Fallsway and all
streets in the Annex, just as the loan was provided applicable
to the opening of the Key Highway.   More than this, the
Act of 1914, Chapter 470, attempts a discrimination in favor
of the owners of property abutting on the Key Highway
opened in pursuance of the Act of 1910, Chapter 485, which
is not extended to the owners of property abutting upon any
other street which has been or which may hereafter be opened
in pursuance of that same Act of 1910, Chapter 485.   Indeed,
this Act attempts to exempt the property abutting upon a
portion of the Key Highway from assessment which under the

law must be made upon the owners of property abutting upon the remainder of the Key Highway. There is no suggestion in the Act of 1910, or in the Record, or that can be made, to meet any one of the requirements that are necessary to the validity of an exemption from taxation, as laid down by this Court in the *Starr Church case,* 106 Md., page 286. There is no suggestion of any public policy justifying this exemption; the exemption is not within reasonable limits, but absolute. It does not relate to a species, but to particular individuals of a class.

It is further stated, that similar assessments were made against every other property deemed to be benefited by the Commissioners. Thirty days thereafter, to wit, about the middle of March, 1914, the assessments of benefits became final and were debts due the City, subject, as to those parties who appealed within the thirty days, to review in the Baltimore City Court. *City Charter,* secs. 179, 185.

On April 16, 1914, more than thirty days after the final return of the Commissioners and therefore after all the assessments of benefits in connection with the opening of Key Highway had become final, except as to those who had taken appeals to the Baltimore City Court, the Act of 1914, Chapter 470, was approved.

While it is true that the Act of 1914, Chapter 470, recites, that it was the plain and manifest intention of the Act of 1910, Chapter 485, that all improvements made in pursuance of the provisions of said Act should be paid for wholly out of the funds to be raised by the issue of Baltimore stock, authorized to be issued thereby, there is nothing in the Act itself (1910) to sustain this construction. On the contrary the Act (1910) provides that the "procedure of said commissioners, and their rights and powers, shall be such as are now or hereafter may be prescribed by law in relation to their ordinary duties and powers of the same nature." Sec. 4, Act of 1910, Chap. 485; sec. 175 of Baltimore Charter (1898).

We, therefore hold, for the reasons stated, that the Act of 1914, Chapter 470, here in controversy, is not a valid exercise of legislative power, and the Act will be declared unconstitutional and void.

It follows that the Court below committed an error, in sustaining the motion to quash the proceedings of the Commissioners for Opening Streets, so far as they assessed benefits against the appellee's property, upon the ground, that the Act of 1914, Chapter 470, was valid and enforceable.

There was also error, in granting the petitioner's first prayer, which instructed the jury not to allow or assess benefits.

The rulings of the Court, upon the various bills of exceptions, in excluding the evidence as to the amount of benefits was also error, for the reason herein stated. The other exceptions were not pressed at the hearing or in the appellant's brief.

For the reasons stated, the rulings will be reversed, cause remanded and a new trial granted.

*Rulings reversed, cause remanded and a new trial granted, with costs.*