There are three appeals in the Record before us, each from an order of the Baltimore City Court reversing the action of *Page 382 
the State Tax Commission of Maryland in its refusal to deduct from the assets of the German-American Fire Insurance Company, in computing the value of its shares of capital stock for the purpose of State and City taxation for each of the years 1915, 1916 and 1917, the amount invested by it in mortgages upon real and leasehold property in this State.
The Act of 1914, Chapter 197, provides that "the president, or other proper officer, of every fire insurance company incorporated under the laws of this State, and doing business therein, shall * * * furnish to the County Commissioners of each county in which it shall have any mortgages on real or leasehold property, and to the Appeal Tax Court of Baltimore City in which it shall have any mortgages on real or leasehold property in such county or city, a list of such mortgages showing the amount then due thereon, * * * and the said County Commissioners, and Appeal Tax Court shall give duplicate certificates of * * * the amount shown to be due on mortgages by such list, * * *; in the case of fire insurance companies incorporated under the laws of this State, and doing business therein, the taxable value of the shares of the stock thereof shall be ascertained by State Tax Commission in the following manner: He shall deduct the total of the assessed value of any real property belonging to such company and the amount of mortgages owned by such company, as shown by the aforesaid certificate thereof, from the aggregate value of all shares of its capital stock and shall divide the remainder by the number of shares of the capital stock or shares of such respective fire insurance company."
It is not claimed by the appellants that, under the language used in the statute, the amount in mortgages owned by domestic fire insurance companies, upon real and leasehold property in the State, should not be deducted, in computing the value of the shares of such companies. But they contend (first), that Chapter 197 of the Acts of 1914 was repealed by the subsequent Act of 1914, Chapter 528, and that Chapter 197 was not in force at the times the values of the shares *Page 383 
of stock were to be ascertained for the purpose of taxation for the years 1915, 1916 and 1917; and (second), that, should it be held that Chapter 197 was not so repealed, nevertheless, it is invalid because, as contended by the appellants, it violates the provision of the Fourteenth Amendment to the Constitution of the United States, and is in conflict with section 33 of Article 3 of the Constitution of Maryland.
We will consider the objections so made against the validity of the statute in the order in which they are here presented.
Chapter 197 of the Act of 1914 originated in the Senate by a bill offered in that body on the 29th day of January, 1914, entitled "An Act to repeal and re-enact Section 159 of Article 81 of the Code of Public General Laws of Maryland, 1904." After its passage in the Senate, on March 10, 1914, it was sent to the House, where it was passed by that body on the 25th day of March, 1914, and thereafter, on April 3rd, 1914, it was approved by the Governor.
Chapter 528 of the Act of 1914, which the appellants contend repealed Chapter 197, originated in the House, by a bill offered therein on March 5, 1914, entitled "An Act to encourage the development of manufacturing industries in the State of Maryland, by providing for exemption from taxation of the tools, machinery, manufacturing implements and engines of corporations, firms and individuals engaged in manufacturing; * * * by amending Sections 4, 162 and 164 of Article 81 of the Code of Public General Laws of Maryland, as codified in the Annotated Code of 1912.
This bill after its passage in the House, on March 30, 1914, was sent to the Senate, where it was passed, on April 4, 1914, and on the 13th day of April, ten days after the approval of Chapter 197, it was approved by the Governor. Chapter 528, pursuant to a provision therein contained, became effective from the date of its passage, while Chapter 197, which was silent as to the time when it should become effective, *Page 384 
was not to become so, under the Constitutional provision, until the first day of June, 1914.
It will be observed that Chapter 197 referred to Section 159
of the Code of 1904, as the law to be repealed and re-enacted by it, while Chapter 528 referred to Section 162 of the Code of1912, which it was to repeal and re-enact. By an examination of these sections it will be seen that Section 159 of the Code of 1904 is precisely the same as Section 162 of the Code of 1912, there being no change therein or amendment thereto between the codifications of the Laws of 1904 and 1912. The draftsman of the bill that was offered in the Senate, and which culminated in the passage of Chapter 197, saw fit to refer to the law thereby intended to be repealed and re-enacted, as Section 159 of the Code of 1904, while the draftsman of the bill offered in the House, and which was subsequently passed as Chapter 528, referred to the same law, which was to be repealed and re-enacted by it, as Section 162 of the Code of 1912; nevertheless, the law referred to, that was to be repealed and re-enacted by the Acts passed, was the same. Each of the Acts sought to repeal and re-enact the same law, though reference was made to different codifications of that law.
As we have said, Chapter 528 was approved by the Governor on the 13th day of April, ten days after the approval of Chapter 197. It is because of its subsequent approval and its going into effect at once thereafter that the appellants contend that the earlier Act (Chapter 197) was repealed by it, and that, as the result of such repeal, the former Act never went into effect at all.
It is provided in the Enacting Clause of Chapter 528 "that Sections 4, 162 and 164 of Article 81 of the Code of Public General Laws of Maryland, as codified in the Annotated Code of 1912, be amended by repealing the same and re-enacting the same with amendments so as to read as follows." No reference to Chapter 197 is made therein, nor is there any reference thereto found in the title or in the body of the *Page 385 
alleged repealing Act. In fact, the bill, which culminated in Chapter 197, had not passed the Senate, in which it was offered, and, of course, had not reached the House, at the time the later bill was offered in the House; and the Journals of the House and Senate show no amendments thereto after it was offered, either in the titling or in the enacting clause. There was no express repeal of the former by the later Act, therefore, if there was a repeal at all it was by implication.
Repeals by mere implication are never favored by the Courts. If the subsequent Act can be made, by any reasonable construction or intendments, to stand with the previous Legislation, that construction will always be adopted. It is only when there is a plain, unavoidable and irreconcilable repugnancy between the Acts that the later is said to repeal the former by implication,Cumberland v. Magruder, 34 Md. 386; Garitee v. Baltimore,53 Md. 422. This is specially true of Acts passed at the same session of the Legislature. In such case there is a strong presumption against the implied repeal, and they are to be construed together if possible, so as to give effect to each, 36Cyc. 1086; Fouke v. Fleming, 13 Md. 392. In Cain v.State, 20 Tex. 350[20 Tex. 350], the Court there said "it is not to be supposed; nothing short of expressions so plain and positive as to force upon the mind an irresistible conviction or absolute necessity would justify a Court in presuming that it was the intention of Legislature that their Acts passed at the same session should abrogate and annul one another."
The first of these Acts (Chapter 197) provides that the amount held by a domestic fire insurance company in mortgages upon real and leasehold property within this State, shall be deducted from the aggregate values of all the shares of its stock, before computing the taxable value of its shares, and the later Act (Chapter 528) provides for the deduction from the aggregate value of all the shares of the corporations, therein named, the tools, machinery, manufacturing implements *Page 386 
and engines of those corporations, in ascertaining the taxable value of the shares of such corporations.
There is nothing whatever to show that it was the intention of the Legislature that the subsequent Act (Chapter 528) was to repeal and re-enact Section 162 as amended by Chapter 197 of the Acts of 1914, but it is strongly indicated by the history of these Acts, in their passage through the Legislature, that such was not its intention; and there is nothing so repugnant and irreconcilable between the two Acts that prevents them from standing together and being treated as in force, in ascertaining the taxable values of the shares of the stock of the corporations therein mentioned.
2. As we have already said, the further contention is made by the appellants that Chapter 197 of the Acts of 1914 is invalid because it violates, as they claim, the Fourteenth Amendment of the Federal Constitution, in that the exemption from taxes of mortgages upon real and personal property in this State, owned by the appellee, a domestic fire insurance company, is an unlawful discrimination.
It is well settled that the Legislature may, without contravening either the Federal or State Constitution, exempt certain species of property from taxation, when it does not amount to an arbitrary discrimination, Simpson v. Hopkins,82 Md. 488; and it is equally as well settled that it may exempt certain classes of persons or corporations from the payment of taxes upon certain species of property where the discrimination is founded upon public policy or a reasonable distinction, and does not amount to an arbitrary discrimination. This power has been exercised from the origin of the Government. Simpson v.Hopkins, Supra; Buchanan v. County Commissioners of TalbotCounty, 47 Md. 293; Wells v. Commissioners of Hyattsville,77 Md. 139; Bank of Commerce v. New York, 67 U.S. 631.
In American Sugar Refining Co. v. Louisiana, 179 U.S. 89, the Court said "the Act in question does undoubtedly discriminate in favor of a certain class of refiners, but this discrimination *Page 387 
if founded upon a reasonable distinction in principle, is valid. Of course, if such discrimination were purely arbitrary, oppressive, or capricious, and made to depend upon differences of color, race, nativity, religious opinions, political affiliations, or other considerations having no possible connection with the duties of citizens as taxpayers, such exemption would be pure favoritism, and a denial of the equal protection of the laws to less favored classes." This is the principle, no doubt, that should be applied in determining the validity of a statute said to be invalid because of the objections here presented.
At the time of the passage of the Act referred to, mortgages, generally speaking, were exempt from taxation, by the laws of this State. The exemption was not confined alone to mortgages owned by domestic fire insurance companies. The statute, upon its face, does not disclose the policy or motive by which the Legislature was actuated in granting the exemption under the statute, and this is not essential to its validity. It is valid if the discrimination is founded upon public policy or upon a reasonable distinction in principle, and is not an arbtrary discrimination.
Chapter 528, by which, it is claimed, Chapter 197 was repealed, is likewise an exemption from taxation granted to a class, to wit: manufacturers. The object of the Legislature in granting such exemption therein is disclosed by the titling of the Act, which is to encourage the development of manufacturing industries in the State of Maryland, and it may have been, as suggested by the counsel of the appellee, that the object of the Legislature in granting exemption to domestic fire insurance companies under the Chapter 197 of the Act of 1914 was to encourage the formation and incorporation of fire insurance companies in this State, in view of the fact that the number now in existence in the State has become exceedingly small; or it may have been in pursuance of some other public policy equally as satisfactory. The wisdom of the exemption is within the discretion of the Legislature and is not subject to control by the Courts. *Page 388 
The case of Baltimore v. Star Church, 106 Md. 281, upon which the appellants seem largely to rely, differs widely from the case before us. In that case the exemption granted was to a single corporation and not to a class as in this case, and the Judge, in that case, in delivering the opinion of this Court, took occasion to refer to this fact, saying, "in the case we are considering no classification has been made at all. The law lacks the very first element which it must have to satisfy the Fourteenth Amendment of the Constitution. It is simply an arbitrary selection of the property of the appellee, and the conferring of a favor upon it, which is denied all other owners of similar property. It also differs from the case of Baltimore
v. Cahill, 126 Md. 596, which is also cited by the appellant. In that case this Court, speaking of the Act which was there held to be unconstitutional, that "it makes a distinction in favor of the rights of property abutting upon this street, which is denied to the owners of property abutting upon every other street in Baltimore City, which has been or may hereafter be opened."
The statute does not, in our opinion, contravene the Fourteenth Amendment of the Federal Constitution, and without further prolonging this opinion, we will state that we fail to discover that it violates, in any way, Section 33 of Article 3 of the State Constitution. We will, therefore, affirm each of the three orders appealed from.
Orders affirmed, with costs to the appellees. *Page 389