PATRICK McGRATH *vs.* STATE OF MARYLAND.

*Questions as to the Constitutionality of the Act of 1874, ch. 221, on the ground that the subject of the Act was not described in the title, and because it was a Special Act—Construction of said Act—Evidence.*

The entire subject of the Act of 1874, ch. 221, relating to the measuring of oysters sold in the shell, is in strict conformity with its title, and not in contravention of the Constitution, Art. 3, sec. 29, which provides that "every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title."

The object of the Act was to prevent fraud on the *buyer by short measure*, and to prevent fraud on the *seller by over measure*, and is neither a special law within the meaning of the Constitution, Art. 4, sec. 33, which provides that "the General Assembly shall pass no special law for any case for which provision has been made by an existing general law," nor was there at the time it was passed, a general law on the subject.

Under an indictment for disposing of oysters by heaping measure, and not by even and struck measure, the evidence showed that the oysters were taken from a vessel, measured in tubs by heaping measure and thence taken to the packing house of F. & Co. HELD:

That in the absence of proof to the contrary it was but fair to presume that the oysters were sold to F. & Co.

Evidence was offered to prove that from the nature of oysters in the shell, as brought from the bed, it was impossible to measure them by even or struck measure. HELD:

That this evidence was irrelevant unless accompanied by an offer to prove, that bunch oysters could not be separated for the purpose of measurement as required by the Act.

The Act of 1874, ch. 221, requires oysters in the shell to be measured at certain designated places, in an iron tub of certain dimensions, and that the measure shall be even or struck measure. It further provides, any one violating the provisions of the Act shall be guilty of a misdemeanor, &c. HELD:

That the measuring of oysters in the shell by *heaping measure* is a violation of the provisions of this Act.

APPEAL from the Criminal Court of Baltimore City.

The case is stated in the opinion of the Court.

*First Exception.*—The only evidence as to the *disposition* of the oysters was, that after they were measured they were taken from the vessel where they were measured, into the oyster packing house of Farren & Co., and dumped down on the floor or into the opening boxes.

The traverser thereupon moved the Court to instruct the jury, that there was no evidence legally sufficient to find the traverser guilty, there being no evidence that the oysters referred to in the testimony were disposed of within the meaning of the statute.

The Court, (BROWN, J.,) overruled the motion, and the traverser excepted.

*Second Exception.*—After the testimony set out within the first bill of exceptions, the traverser offered to prove by several witnesses who have been for years engaged in the oyster business, that from the nature of oysters in the shell, as brought from the oyster beds, it is not possible to measure them by even or struck measure, owing to the fact that they cannot be made to lie in the measure so as to be even with the top of the measure, and if the measure be struck so that no oysters project above the top, there will be depressions and cavities which will make the measure short; that among oysters when brought from the beds there are many bunches in boxes, consisting of a number of shells united together, containing only one or two oysters; that these bunches are large sometimes, and that it would be impossible to strike a measure containing such bunches, without removing the bunch, which would make a large cavity in the vessel. The Court rejected the evidence, and the traverser excepted.

The jury rendered a verdict for the State. The traverser appealed.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, ALVEY and ROBINSON, J.

---

McGrath *vs.* State.

---

· *H. Stockbridge,* for the appellant.

*Attorney General C. J. M. Gwinn,* for the appellee.

Robinson, J., delivered the opinion of the Court.

The appellant, a licensed measurer of oysters in the shell, for Baltimore city, was convicted of violating the provisions of the Act of 1874, chap. 221.

It is contended in the first place, that the Act of 1874 embraces matters and aims at results not described in its title, and does not therefore conform to the requirements of sec. 29, Art. 3 of the Constitution of this State, which declares that "Every law enacted by the General Assembly, shall embrace but one subject, and that shall be described in its title."

Now, although the object of the title of an Act is to indicate to a certain extent the nature and character of the legislation to be found in the body of the law, yet it is well known, that formerly it constituted no part of the law itself. It is true, in some cases, it served as a guide in ascertaining the intention of the Legislature, when such intention was not expressed in clear and unambiguous terms, but it could not enlarge or restrain the plain provisions of the law. And hence it was no uncommon thing to find an Act embracing distinct subjects foreign to, and independent of each other; and in regard to which the title afforded no clue whatever. In addition to this, it is well known, that measures of a different character were often embodied into one Act, for the express purpose of securing the combined support of the friends of each, and thus members were often induced to vote for measures which if offered as independent measures, would not have received their support. It was to remedy these evils, that the constitutional provision was adopted.

The Act of 1874 is not, however, liable to this objection. The title of the Act is "to repeal chapter 193 of the Acts

of 1872, and re-enact the same with amendments, so that oysters sold in the shell at Baltimore, Crisfield, and at all packing establishments, shall *be measured in an iron measure.*" Now there is nothing to be found in the body of the Act at variance with, or foreign to the subject-matter thus indicated by the title. It provides that oysters in the shell disposed of in the City of Baltimore or in the port of Crisfield, or at any packing establishment in this State, shall be measured by a licensed measurer, in an iron circular tub, of a certain description, and that the measure *shall be even* or *struck measure.* The entire subject of legislation to be found in the body of the Act is in strict conformity with the title.

Then again, it is urged that the Act is a special Act, and in contravention of sec. 33, Art. 4 of the Constitution, which provides that " the General Assembly shall pass no special law for any case for which provision has been made by an existing general law." The object of this provision was to prevent special legislation in special cases, but it is difficult to imagine on what principle the Act in question can be said to be liable to this objection. Here is a law which provides for the measurement of oysters in the shell at certain designated places, and at all packing establishments in the State. It operates alike upon all persons at the places named in the Act. The purpose of the Legislature was to prevent fraud on the *buyer by short measure,* and to prevent fraud on *the seller by over measure.* It is neither a special law within the meaning of the Constitution, nor was there at the time it was passed a general law on the subject.

But it was also contended that there was no evidence legally sufficient to prove that the oysters measured by the traverser, were " disposed of" as required by the Act, or in other words, that they were sold. Now the evidence shows that they were taken from the vessel, measured in iron tubs or by heaping measure, and thence taken to the pack-

McGrath *vs.* State.

ing house of Farren & Co. In the absence of proof to the contrary it was but fair to presume that the oysters were sold to Farren & Co.

The last exception is taken to the rejection of the evidence offered by the appellant to prove that from the nature of oysters in the shell as brought from the bed, it was impossible to measure them by even or struck measure, but there was no offer to prove that bunch oysters could not be separated for the purpose of measurement, as required by the Act.

In addition to these exceptions to the rulings of the Court, the traverser demurred to, and also moved to quash the indictment, both of which were overruled.

The Attorney General contends that the questions arising on the demurrer, and motion to quash, are not before us for review, and that since the adoption by this Court of the rules relating to writs of error, such questions can only be raised after judgment, by petition addressed to the Court in which the case was tried, plainly designating the points or questions, by the decision of which, the petitioner felt aggrieved. But these questions are properly presented in the case of *The State vs. Frazier*, and we might as well dispose of them here.

We have already considered the question in regard to the constitutionality of the law, and the only remaining inquiry is, whether the indictment sets forth an *indictable offence*. And this is rather too plain to admit of contention. The Act of 1874, requires oysters in the shell to be measured at certain designated places in an iron tub of certain dimensions, and that the measure shall be even or struck measure. It further provides " that any one violating the provisions of this Act shall be guilty of a misdemeanor," &c. The indictment charges the traverser with unlawfully measuring oysters in the shell, by " *heaping measure*," and not by " *even and struck measure*." The measuring of oysters in the shell by *heaping measure*,

is certainly a violation of the provisions of the Act, which requires they shall be measured by *even or struck measure.* For these reasons the rulings below will be affirmed.

*Rulings affirmed.*

(Decided 14th June, 1877.)