242

FITZGERALD ET AL. *v.* SOMERSET COUNTY
SANITARY COMMISSION

[No. 267, September Term, 1962.]

*Decided April 3, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Henry F. Lankford* for the appellants.

*Alexander G. Jones* for the appellee.

244

HAMMOND, J., delivered the opinion of the Court.

The appellant, Ruby F. Fitzgerald, continuing her fight to prevent the Somerset County Sanitary Commission from acquiring an easement over and under her land for a sewer line, contends in this appeal that the trial court erred (1) in its order of publication in shortening the usual time for pleading initially to the petition for condemnation, and (2) in overruling her contention the statute proceeded under is unconstitutional because (a) it allows an award to be paid to the clerk (which, it is claimed, is not payment or tender to the property owner as Art. III, Sec. 40, of the Maryland Constitution requires) and (b) its title was defective.

The Sanitary Commission, acting under the authority of Ch. 644 of the Laws of 1961, which repealed and reenacted with amendments Secs. 645 to 673 of Art. 43 of the Code (1957 Ed.) ("Sanitary Districts"), determined to acquire by eminent domain an easement in a lot in which Ruby Fitzgerald had a life estate as part of the construction of a sewerage project in the Princess Anne Sub-District of Somerset County. A petition seeking condemnation of the easement under the provisions of Code (1957), Art. 33A and the applicable Maryland Rules was filed. The deputy sheriff twice made unsuccessful efforts to serve a summons on Mrs. Fitzgerald and then filed an affidavit that on both occasions reasonable and bona fide efforts to effect personal service had failed, that he believed Mrs. Fitzgerald was home both times but deliberately refused to answer the door, and that both her son and her lawyer had informed him she "would not allow us to serve her with process and that she would not permit us to enter her residence." The Commission then was granted leave by the court to proceed against Mrs. Fitzgerald as though she were a non-resident, under Maryland Rule 104 h, and to acquire jurisdiction over her in the action in rem by constructive service through publication. The Commission petitioned the court to provide in the order of publication which was to be published on July 5, July 12, July 19 and July 26, that Mrs. Fitzgerald be required to file her initial pleading to the petition of condemnation on or before August 1. The court so ordered on the allegations that numerous other easements had been acquired

from adjacent owners and delay in acquisition of the Fitzgerald easement would cause unnecessary inconvenience and expense to taxpayers and owners of the areas to be serviced by the sewerage project.

Rule 104 h provides that after two non ests and proof by affidavit of reasonable efforts to effect service, a resident defendant may be served by giving notice by publication. Rule 105 d 1 provides that the order of publication "shall be published at least once a week in each of four successive weeks, the last such publication to be made not less than thirty days before the date fixed in the order for the filing of the defendant's initial pleading."

The appellant argues that the thirty-day period between the date of the last publishing and the filing of the initial pleading is ineluctable, despite Rule 309 b which says that, "For good cause shown the court may at any time by order shorten or extend the time allowed for filing or serving any pleading, notice or other paper." Mrs. Fitzgerald claims that this power in the court does not cover the time within which one given notice by publication must initially plead. We are unable to perceive any good reason why it does not. Certainly in literal terms it does. Notice by publication is a recognized, proper and permissible mode of conferring upon a court power to pass judgment on property and property rights which bind the owner when the subject matter of suit is within its jurisdiction and the owner is beyond reach of summons. The presumption of notice, resulting from the due publication of the order of publication, confers upon the court power and right to act upon the subject matter of the suit, that subject matter being itself within the jurisdiction of the court. *Dorsey v. Dorsey,* 30 Md. 522, 534-535; *Dorsey v. Thompson,* 37 Md. 25, 43. When the order of publication before us had been duly published for the fourth time, the full power of the court to proceed with the condemnation and ultimately to bind the owner by a final judgment was established, and its order shortening the time to plead, as part of the procedure of the case, became effective.

The appellant alleges no actual prejudice from the order. Good cause for the shortening was shown, and the presump-

tion that the publication had notified the defendant of the action was confirmed when, on July 19, Mrs. Fitzgerald filed a motion to quash the order of publication. We find no error in the challenged shortening of the time to plead.

Code (1962 Supp.), Art. 43, Sec. 650 b (8), empowers the Sanitary Commission to acquire property by eminent domain and provides that "at any time after ten days after the return and recordation of the verdict or award in any condemnation proceedings, the district may enter and take possession of the property so condemned, upon first paying to the clerk of the court the amount of said award and all costs taxed to that date, notwithstanding any appeal or further proceedings upon the part of the defendant." The appellant says there is nothing in the statute to require the clerk to pay the award received by him to the property owner and, therefore, the act is unconstitutional in failing to comply with the specification of Art. III, Sec. 40, of the Constitution of Maryland, that no law shall authorize private property to be taken for public use without compensation "being first paid or tendered to the party entitled to such compensation."

Assuming, without deciding, that the appellant is in a position to make the argument—the jury award of one cent was paid to the clerk and by her forwarded to the appellant—we think it must fail. Payment to the clerk is payment to the court of which he is an agent; and, it has been held, payment to a court is payment to the litigant entitled to the payment. *In re Brofer Coal & Mining Company,* 4 F. 2d 353. "Acceptance by the court for the plaintiff has the same effect as acceptance by the plaintiff himself." *Mann v. Sprout* (N. Y.), 77 N. E. 1018, 1019. See also 86 C. J. S. *Tender* Sec. 65. Maryland Rule U1 provides that a proceeding for condemnation shall be conducted in conformity with Rules U1 to U10, inclusive. Rule U10 says that if, after final judgment, the condemnor cannot pay an award because the owner refuses to accept it, or is out of the jurisdiction or under disability or unknown, the condemnor shall pay the amount due into court for the use of him entitled "and thereby become vested with the title, estate or interest so condemned."

We think the Sanitary Commission, when it exercised the power of eminent domain and paid the award to the clerk of the court, all as authorized and directed by Sec. 650 b (8) of Art. 43, conducted the condemnation in conformity with the Maryland Rules (Subtitle U, Eminent Domain) and that the award it paid into court was for the use of Mrs. Fitzgerald. This being so the award was "paid or tendered" to Mrs. Fitzgerald, the person entitled, before her private property was taken for public use, and Sec. 40 of Art. III of the Constitution was gratified.

It has been held that a condemnation statute, which, if an owner refused payment, directed its deposit into court before a taking (without expressly calling upon the clerk to pay the deposit over to the owner), intended the owner to have the right to receive the money from the clerk upon request, and amounted to payment or tender as required by the statute, *Portneuf Irrigating Co. v. Budge* (Idaho), 100 P. 1046, 1049; and we think the same intention is implicit in the Sanitary District Act and that Rule U10 so recognizes.

The applicant in her brief sets out the title of Ch. 782 of the Laws of 1957 (which added Secs. 645 to 673 of Art. 43 of the Code under the subtitle "Sanitary Districts"), then quotes Sec. 657 of Art. 43, as amended by Ch. 644 of the Laws of 1961, and merely says "the titling of the Act is clearly unconstitutional and in violation of Art. III, Sec. 29, of the Constitution of Maryland. *Weber v. Probey,* 125 Md. 544; *Culp v. Chestertown,* 154 Md. 620."

Passing the point that Ch. 644 of the Laws of 1961 repealed and reenacted with amendments Secs. 645 to 673, inclusive, of Art. 43 of the Code, title "Health," subtitle "Sanitary Districts," and that the title of Ch. 644 would appear to obviate the weakness which the *Weber* and *Culp* cases lead the appellant to find in the title of Ch. 782 of the Laws of 1957, we see no constitutional infirmity in the title of the 1957 Act. *Weber* found the title of an act misleading because it indicated that the cost of a sewer system was to be paid by general town taxation whereas the body of the act provided that the entire burden would fall on abutting property owners. There was a

248

similar weakness in the *Culp* title. That is not true in the instant case. Here the title adequately indicated the purposes of the Act and was sufficiently comprehensive. *Dahler v. Washington Suburban Sanitary Commission,* 133 Md. 644; *Leonardo v. County Commissioners,* 214 Md. 287.

Mrs. Fitzgerald raised a further point which we regard as so unsubstantial as to hardly merit discussion. She claims the petition for condemnation was fatally defective for failing to spell out that no money had been paid into court with its filing. Rule U3 says a petition shall contain "(5) The amount of money paid into court, if any." We regard it as obvious that if no money is paid into court, nothing need be said on the subject. *Cf. Bastian v. Watkins, Clerk,* 230 Md. 325.

*Judgment affirmed, with costs.*