## MAGRUDER *v.* HALL OF RECORDS COMMISSION ET AL.

[No. 63, September Term, 1959.]

2

*Decided November 20, 1959.*

*Motion for rehearing filed December 17, 1959, denied December 22, 1959.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Eugene M. Childs,* with whom were *Childs & Bald* on the brief, for the appellant.

*Stedman Prescott, Jr., Deputy Attorney General,* with

whom was *C. Ferdinand Sybert, Attorney General,* on the brief, for the appellees.

HORNEY, J., delivered the opinion of the Court.

This is an appeal by Louise E. Magruder (the plaintiff), a professional genealogist, from the order of the Circuit Court for Anne Arundel County dismissing her bill for an injunction against the Hall of Records Commission (Records Commission), the Board of Public Works (Works Board or the Board) and the Commissioner of the Land Office (Land Office) to forestall the removal of the Land Office and its records from the Hall of Records to quarters in the new State Office Building. Collectively, the Records Commission, Works Board and Land Office are sometimes herein referred to as "the defendants."

In 1931, by Chapter 487 [now codified as amended as Code (1957), Art. 41, § 182], often herein called the "hall of records" statute, the Legislature, as an incident to the commemoration of the 300th anniversary of the founding of Maryland, authorized the Works Board to acquire a lot in Annapolis and erect thereon a Memorial Hall of Records "in which shall be gathered, placed and preserved all ancient public and private records of the Province and State of Maryland from the beginning of the Province to the adoption of the federal constitution, together with such others of a like character * * * [as may be deposited therein] * * * for the use of * * * all persons desiring to examine and use such records * * *; the said building, in addition to the special purposes * * * set forth, may be used for such other purpose as the Board of Public Works may determine not in conflict with said special purposes."

In enacting the original hall of records statute the Legislature made no provisions for locating the Land Office in the Hall of Records. Chapter 487, *supra,* was amended by Chapter 344 of the Acts of 1933, but again no provision was made respecting the location of the Land Office. In 1935, however, by Section 87B of Chapter 18 [now codified as § 172 of Art. 41, *supra*], it was provided, *inter alia,* that the Hall of Rec-

ords which had then been erected on a site donated by St. John's College, should be placed under the supervision and control of the Records Commission. By a part of Section 87B [now § 172], *supra,* often herein called the "land office" statute, it was further provided "that the [Records] Commission shall allot and designate a portion of the [Hall of Records] building for the use of the Land Office."

Thereafter, in 1939, by Section 6(3) of Chapter 64 [now codified as Art. 78A, § 8], often herein called the "location of agencies" statute, it was provided, *inter alia,* that the Works Board "shall have power to designate the location of any State agency." Section 8 of Chapter 64, *supra,* also provided that all public general laws or parts thereof inconsistent with the provisions of that act were "repealed to the extent of such inconsistency."

As stated, this proceeding was filed to forestall the removal of the records of the Land Office from the Hall of Records to the new State Office Building, but, as matters now stand, in the absence of an agreement between the parties or prohibitory injunctive relief, the removal of the records to the new location is a *fait accompli,* with the result that some of the "ancient" records are located in one place and some in another. It is conceded by the defendants that the present arrangements are not as convenient to the researcher as was the former arrangement.

The chancellor found that the land office statute was mandatory, but that such provision was repealed by the location of agencies statute, and, therefore, that the power of the Works Board to change the location of the Land Office and its records was discretionary.

In effect the plaintiff-appellant claims that when the Land Office was required to move from its prior location to its present location it was not required to take and should not have taken with it the ancient records of which it was the custodian. Specifically, the plaintiff contends (i) that the enactment of the location of agencies statute did not necessarily repeal the land office statute in that there is no inconsistency between the two statutes when read together; (ii) that there was no implied repeal of the land office statute by

the location of agencies statute in that the hall of records statute with respect to all ancient records is still in full force and effect; and, in the alternative, (iii) that the location of agencies statute is unconstitutional. On the other hand, the defendants, in addition to defending the constitutionality of the location of agencies statute, insists (iv) that the Works Board had complete authority to order the removal of the Land Office and its records from the old location to the new.

### (i), (ii) and (iv)

We are not persuaded by the plaintiff's arguments that the several statutes in question should be construed as she contends. It is true, of course, that the land office statute *required* the Records Commission to furnish office space for the Land Office in the Hall of Records, so long as the Works Board desired the Land Office to remain in that location, but there is absolutely nothing in that statute which *requires* the Board to use such facilities indefinitely. Moreover, as we read the location of agencies statute, there is no doubt that the Board, pursuant to the authority conferred upon it by that statute—unless it is unconstitutional—has the power, whenever it may choose to exercise it, to designate the location or relocation of any state agency, including the Land Office. With these constructions of the pertinent statutes, we do not reach the question of consistency or the lack of it or the further question of whether or not there was a repeal by implication.

While it may be that the Works Board has power under the hall of records statute to *use* the Hall of Records for the *purpose* of preserving the ancient records of the Land Office therein—provided such purpose is not in conflict with the special purposes set forth in the statute—it is clear that the exercise of such power is a matter which is peculiarly within the discretion of the Works Board.

### (iii)

The plaintiff's contention that the location of agencies statute is invalid is based on the constitutional requirement that every enacted law "shall embrace but one subject" which "shall be described in its title." Constitution of Maryland,

Art. III, § 29. The gist of the plaintiff's argument is that the statute is multifarious because its objectives are two-fold in that the statute dealt with certain matters pertaining to the Department of Budget and Procurement as well as with certain powers and duties concerning the Works Board. The statute did in fact do just that, but in so doing, it actually embraced but one subject in that it established a system of control over budgetary administration and procedure by and through the two executive agencies therein designated to carry out the methods of administration and procedure set forth in the statute. The Maryland Reports are replete with decisions concerning the constitutionality of acts allegedly embracing more than one subject, but we shall cite only a few of the pertinent cases. The reasons for the constitutional requirement are detailed in *Davis v. State,* 7 Md. 151 (1854). Repeatedly we have held that the title of an act satisfies the constitutional requirements if the legislature and the people of the state are fairly advised of the real nature of pending legislation. *Allied American Co. v. Comm'r,* 219 Md. 607, 150 A. 2d 421 (1959). We have held time and time again that there is a presumption in favor of the validity of a statute, that it will not be stricken down as invalid unless it plainly contravenes a provision of the constitution and that a reasonable doubt in its favor is enough to sustain it. *Atkinson v. Sapperstein,* 191 Md. 301, 60 A. 2d 737 (1948). Finally, if the several sections of the statute refer to and are germane to the same subject matter described in the title, the statute is considered to embrace but a single subject, and satisfies the constitutional requirement. *McBriety v. Baltimore City,* 219 Md. 223, 148 A. 2d 408 (1959). Since all of the sections of the statute under attack are germane to and deal with only one subject—the establishment of the budgetary administration and procedure of the state—which is adequately described in the title, we hold that the statute is constitutional and effective to give the Works Board authority to designate the location of state agencies.

Reverting momentarily to the underlying issue behind this appeal—the propriety of again separating the ancient records of the Land Office from those other ancient records still pre-

served in the Hall of Records—it is clear that there is at present no legislative authority requiring that such records be kept together. On the other hand, if it chooses to do so, there does not appear to be any reason why the Works Board, in consultation with the Records Commission—and perhaps the Commissioner of the Land Office also—could not direct a return of the "ancient" records of the Land Office to the Hall of Records, but that, as previously indicated, is an executive, not a judicial, function.

For the reasons stated herein the order of the lower court must be affirmed.

*Order affirmed, the appellant to pay the costs.*