OLIVER T. BEAUCHAMP, JR., POST NO. 94, AMERICAN LEGION DEPARTMENT OF MARYLAND, INC. *v.* SOMERSET COUNTY SANITARY COMMISSION, acting for and on behalf of Somerset County Sanitary District, Inc.

[No. 162, September Term, 1969.]

*Decided February 3, 1970.*

542

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, SMITH and DIGGES, JJ.

Submitted on brief by *Patrick L. Rogan, Jr.* and *Richardson, Rogan & Anderson* for appellant.

*Alexander G. Jones,* with whom were *Jones & Jones* on the brief, for appellee.

BARNES, J., delivered the opinion of the Court.

In our decision in *O. T. Beauchamp, Jr., Post No. 94, American Legion Department of Maryland, Inc. v. Somerset County Sanitary Commission,* 243 Md. 98, 220 A.

2d 135 (1966), we observed in Footnote 1 that "Chapter 674 of the Laws of 1966, effective June 1, 1966, added a new section (657A) to Article 43 [of the Maryland Code], providing for an exemption in Somerset County of the property of any incorporated American Legion Post from the levy of any taxes, charges or assessments of whatever kind against the property by the Somerset County Sanitary District." We did not pass upon the validity of that statute in that case inasmuch as the question of its validity was not before us, having been neither briefed nor argued by the respective parties. After our affirmance of the assessment by the Somerset County Sanitary Commission (Sanitary Commission) for water main and sewer of the land of the O. T. Beauchamp, Jr., Post No. 94, American Legion Department of Maryland, Inc. (American Legion Post No. 94) in Princess Anne as a small acreage instead of an agricultural classification, the Sanitary Commission filed a declaratory proceeding in the Circuit Court for Somerset County against American Legion Post No .94 under the Uniform Declaratory Judgments Act, Code (1957), Art. 31A, alleging that Chapter 674 of the Laws of 1966 (the Act) was unconstitutional and invalid and praying that the Circuit Court declare the respective rights, duties and obligations of the parties. The Circuit Court (Travers and Mace, JJ.) filed a written opinion and passed an order on April 23, 1969, declaring the Act to be unconstitutional and void and that the lands of American Legion Post No. 94 mentioned in the declaration were subject to the liens of the assessments levied by the Sanitary Commission for the years 1966, 1967 and 1968. We shall affirm this order.

There is no dispute in regard to the facts, the parties having submitted the case to us upon an agreed statement of facts.

The American Legion Post No. 94 owns two parcels of land in the Sanitary District. These are (1) Parcel No. 426 containing 130 acres of land on the north side of West Post Office Road, and (2) Parcel No. 427, a tri-

angular tract of about eight or nine acres on the south side of West Post Office Road and the north side of Antioch Avenue. Parcel 427 was purchased for about $3,300 or $3,400. The Sanitary Commission assessed the property of American Legion Post No. 94 in the same means as all other property in the Sanitary District. The property was classified as "small acreage." The assessments for 1966, 1967 and 1968 have not been paid. The front foot assessments made by the Sanitary District are to amortize the bond issue payments of the Sanitary District and there are no other monies to retire these bonds except that an ad valorem tax in the district could be established if the Sanitary District failed to meet its payments. The front foot assessments can only be used to retire the Sanitary District bonds and were established by taking the total front feet of properties within the district and dividing that total into the amount of money necessary to amortize the bonds. A uniform rate was set within each classification of property and this rate has remained unchanged. Through 1965 the collections were about 100%. The amount of assessment to American Legion Post No. 94 is approximately 3.5% of the total assessment for the entire sanitary district. If a delinquency of 3.5% continues in collections, the Sanitary District will have to increase the levy or an ad valorem tax would have to be passed to raise the necessary money. When the Act passed the General Assembly, members of American Legion Post No. 94 and representatives of the Sanitary District were given an opportunity to be heard by the Governor before he signed the proposed bill. There are three American Legion Posts in Somerset County. The Sanitary Commission, however, has created only one sub-district known as the Princess Anne District and American Legion Post No. 94 is the only American Legion Post within that sub-district.

By the Act of 1957, Chap. 782 a new subtitle "Sanitary Districts" was added to Code (1957), Art. 43, title "Health." This new subtitle now consists of §§ 645 to 673 (1965 Replacement Volume). We have heretofore

sustained the validity of the title of this statute. See *Fitz-gerald v. Somerset County Sanitary Commission,* 231 Md. 242, 189 A. 2d 601 (1963). Without discussing in detail the provisions of this comprehensive public general law, it is clear that its purpose was to provide the governmental machinery and procedures by which the counties covered by the statute could meet the growing demand for water and sewer facilities. Section 654 authorizes the respective sanitary commissions, with the approval of the county's governing body, to issue bonds to finance the construction of water and sewer facilities. Section 657, which we specifically considered in the prior case, already mentioned, involving the same parties to this appeal, provides for charges for construction and for the assessment of benefit charges on a front foot basis, the latter revenue to be used for the purpose of retiring the bonds, and that all properties served shall be divided into four classes, "Agricultural, small acreage, industrial or business, and subdivision property * * *." Section 657 further provides that "Front foot benefit charges for water supply and sewerage construction shall be as nearly uniform as is reasonable and practical for each class or subclass of property throughout each sanitary district for any one year. . . ."

It is in this statutory setting that the Act was introduced and enacted. The Act is as follows:

"AN ACT to add new Section 657A to Article 43 of the Annotated Code of Maryland (1965 Replacement Volume), title 'Health,' subtitle 'Sanitary Districts,' to follow immediately after Section 657 thereof, to provide for an exemption in Somerset County of the property of any incorporated American Legion Post from the levy of any taxes, charges or assessments of whatever kind against the property by the Somerset County Sanitary District.

"SECTION 1. *Be it enacted by the General Assembly of Maryland,* The new Section 657A be

and it is hereby added to Article 43 of the Annotated Code of Maryland (1965 Replacement Volume), title 'Health,' subtitle 'Sanitary Districts,' to follow immediately after Section 657 thereof, and to read as follows:

"*657A.*

"*Notwithstanding any requirements of this subtitle to the contrary, in Somerset County, any incorporated American Legion Post is exempted from payment of any taxes, charges or assessments of whatever kind levied against the property of any such Post by the Somerset County Sanitary District, Inc. under the provisions of this subtitle.*

"SEC. 2. *And be it further enacted,* That this Act shall take effect June 1, 1966.

"Approved May 6, 1966."

The Sanitary Commission in the lower court and before us attacked the constitutionality of the Act upon two somewhat related grounds: (1) it violates Article III, Section 33 of the Constitution of Maryland prohibiting the General Assembly from passing a "special Law, for any case, for which provision has been made, by an existing General Law" and (2) it violates Article 15 of the Declaration of Rights of the Maryland Constitution which provides that "the General Assembly shall, by uniform rules, provide for the separate assessment, classification and sub-classification of land, improvements on land and personal property, as it may deem proper; and all taxes thereafter provided to be levied by the State for the support of the general State Government, and by the Counties and by the City of Baltimore for their respective purposes, shall be uniform within each class or subclass of land, improvements on land and personal property which the respective taxing powers may have directed to be subjected to the tax levy; * * *."

Inasmuch as we are of the opinion that the Act is unconstitutional as a "special law", we do not find it neces-

sary to pass upon the question of its possible unconstitutionality as conflicting with Article 15 of the Declaration of Rights in regard to uniformity of taxation.

We observe, *in limine,* as argued by the appellant in its brief and at the argument, that a statute is presumptively constitutional and the courts are reluctant to declare a statute unconstitutional if, by any construction, it can be sustained. As Judge (later Chief Judge) Henderson aptly stated for the Court in *Pitts v. State Board of Examiners of Psychologists,* 222 Md. 224, 227, 160 A. 2d 200, 201 (1960) :

> "* * * [T]here is a strong presumption in favor of constitutionality. Reasonable doubt in its favor is enough to sustain it."

See also *Magruder v. Hall of Records Commission,* 221 Md. 1, 155 A. 2d 899 (1959) ; *Miedzinski v. Landman,* 218 Md. 3, 145 A. 2d 220 (1958), *appeal dismissed,* 358 U. S. 644, 79 S. Ct. 537, 3 L.Ed.2d 567; *Hellmann v. Collier,* 217 Md. 93, 141 A. 2d 908 (1958). The burden of establishing the unconstitutionality of a statute is upon the person attacking the statute. *National Can Corp. v. State Tax Commission,* 220 Md. 418, 153 A. 2d 287 (1959), *appeal dismissed,* 361 U. S. 534, 80 S. Ct. 586, 4 L.Ed.2d 538.

Where, however, an Act of the General Assembly violates a mandatory provision of the Maryland Constitution, we are required to declare such an act unconstitutional and void. As we stated in *Cohen v. Governor of Maryland,* 255 Md. 5, 22, 255 A. 2d 320, 328 (1969) :

> "We regret the necessity of holding an Act of the General Assembly unconstitutional, but our duty is plain when such an act violates the mandatory provisions of the Constitution. As Judge Delaplaine stated for the Court, in *Johnson v. Duke,* 180 Md. 434, 442, 24 A. 2d 304, 308 (1942) :
> " 'It is the sacred duty of the courts to pre-

serve inviolate the integrity of the Constitution. Hence it would be a violation of their duty to treat the fundamental law as subject to modification except in conformance with constitutional methods.' "

The definitions of "public general laws", "public local laws" and "special laws" have been considered in many cases, but, in our opinion, the best statement of our predecessors in regard to these definitions appears in *Norris v. Mayor & C. C. of Baltimore,* 172 Md. 667, 681-82, 192 A. 531, 537-538 (1937). In *Norris,* Judge Offutt, for the Court, in considering the validity of the Act of 1944, Chap. 513 in regard to the use of voting machines in Baltimore City, stated:

> "While it is difficult to formulate a comprehensive definition of the distinction between a public local law and a public general law, it may be said that a 'public local law' is a statute dealing with some matter of governmental administration peculiarly local in character, in which persons outside of that locality have no direct interest, and a 'public general law' is one which deals with a subject in which all the citizens of the state are interested alike, and the fact that it permits or directs differences in matters of mere administrative detail suited to the peculiar needs of localities does not make it any the less a public general law. . . . the term 'special law' has. . .uniformly been interpreted to mean a special law for a special case."

In *Montague v. State,* 54 Md. 481, 489 (1880), one of the earlier cases, it is said:

> "The provision immediately following in the same section, that 'the General Assembly shall pass no special law for any case for which provision has been made by an existing general law,' has been construed as intended to prevent

special legislation in special cases, (*McGrath v. State,* 46 Md. 631,) and we think it very clear from the enumeration made that the object of the preceding provisions was to prevent or restrict the passage of special, or what are more commonly called private Acts, for the relief of particular named parties, or *providing for individual cases."* (Emphasis supplied.)

The Act, in the light of these definitions, is a "special act"—a special law for a special case and an Act providing for an individual case—in a statutory plan which is already covered by a public general law. The facts in this case, already stated, indicate that although the Sanitary Commission has county-wide authority, it has established only one sub-district known as the Princess Anne sub-district in which the lands of American Legion Post No. 94 are located and *it is the only American Legion Post* in the sub-district. There are two other incorporated American Legion Posts located elsewhere in Somerset County *beyond the territorial limits of the Princess Anne sub-district,* but these other two Posts are neither served by the Sanitary Commission nor assessed by it. It is thus seen that the practical effect and the effect intended by the sponsors of the Act was to exempt American Legion Post No. 94 from any assessment or charge by the Sanitary Commission. The Act thus, in effect, applies to one taxpayer only and to the lands of that one taxpayer. In our opinion, it is a "special" act which is unconstitutional under the provisions of Article III, Section 33 of the Maryland Constitution.

The present case is quite similar in many ways to the situation involved in *Mayor & C. C. of Baltimore v. Starr Methodist Protestant Church,* 106 Md. 281, 67 A. 261 (1907). In *Starr Church,* the General Assembly by the Act of 1904, Chap. 263 exempted certain wharf property devised to Starr Methodist Protestant Church by Wesley Starr from municipal taxation "so long as the said property, or the income therefrom, shall be owned and

enjoyed" by Starr Church and "all taxes in arrear upon said property are hereby released and remitted." The Circuit Court No. 2 of Baltimore City enjoined the Baltimore City taxing authorities from assessing the wharf property for municipal taxation and from attempting to sell the property for non-payment of municipal taxes. In reversing the lower court, our predecessors held that the Act of 1904, Chap. 263 violated both Article III, Section 33 of the Maryland Constitution and Article 15 of the Declaration of Rights. Judge Rogers, for the Court, stated in regard to the violation of Article III, Section 33 :

> "Again we think this act is invalid because in conflict with Art. 3, Sec. 33 of the Constitution of Maryland, which provides that 'the General Assembly shall pass no special law for any case for which provision has been made by an existing general law.'
>
> "Sec. 4, Art. 81 of the Code, title Exemptions, specifies several different classes of property which shall be exempt from taxation, viz. 'to houses or buildings used exclusively for public worship, nor to the furniture contained therein, nor to the parsonage connected there with, nor to the ground appurtenant to such houses, nor to buildings so exclusively used for public worship or as parsonages which are necessary for the respective uses thereof.' All property of the kind thus described is exempt from taxation. Here then is a *general law* declaring in what cases the property of religious bodies shall be exempt, and specifying in detail just what kinds of such property shall enjoy exemption. But the Act of 1904, Chap. 263 is a *special law* providing exemption for the property of a religious body. When the cases in which the property of religious bodies shall have exemption are already covered by a *general law*. It is a *special law* for a case for which provision has been made

by an *existing general law,* and as such is void because in contravention of Art. 3 sec. 33 of the Constitution.

"We think in the present case that this is a special law exempting the wharf property of the appellee from municipal taxation and is void, because it relates to the exemption from taxation of the property of a religious body, and this is a subject for which provision has already been made by an existing general law, namely Art. 81, sec. 4 of the code. The special laws contemplated by the Constitution, are those that provide for individual cases."

(106 Md. at 288-89, 67 A. at 264-65).

In our opinion, the holding in *Starr Church* correctly expresses the Maryland law and we shall follow it in the present case.

*Order affirmed, the appellant to pay the costs.*