R. S. CONSTRUCTION COMPANY, INC. *v.* MAYOR
AND CITY COUNCIL OF BALTIMORE

[No. 3, September Term, 1973.]

*Decided October 5, 1973.*

The cause was argued before MURPHY, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ.

*Eugene Hettleman* for appellant.

*Richard M. Hartman, Special Assistant City Solicitor,* with whom were *George L. Russell, Jr., City Solicitor,* and *Joseph S. Matricciani, Assistant City Solicitor,* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

R. S. Construction Company, Inc., (R. S. Construction) here appeals because it was unsuccessful in its attack on a Baltimore City ordinance requiring property owners to maintain dwellings in urban renewal areas in accordance with standards not required of all property owners in Baltimore City. It likewise will be unsuccessful here.

R. S. Construction owns a house at 623 West Lanvale Street in Baltimore. This is in the Upton urban renewal area. The city ordinance in question requires a properly equipped bathroom in each home properly connected to the public sanitary sewer or an approved sewage disposal system, with hot and cold water lines, within and accessible from within the dwelling unit; utility spaces containing heat-producing, air-conditioning and other equipment to be ventilated to the outer air and the air from such spaces not to be recirculated to other parts of the building in such a way as to create a hazard to occupants; natural ventilation of spaces such as attics and enclosed basementless space with exterior ventilation openings to be effectively screened where needed; the removal of lead base paint from interior surfaces of dwellings; windows with "right-fitting" sashes of proper size and design with the elimination of sashes with rotten wood or broken joints; floor covering for kitchens and bathrooms of a waterproof, non-absorptive material; no unvented, open flame gas space heaters; and the installation of at least two separate duplex convenience electrical outlets in every habitable room of the structure except for the requirement of three such outlets in any room other than a sleeping or dining room which has a perimeter of over 50 feet. There are at least 11 urban renewal areas in Baltimore City to which these regulations apply. Prior to the passage of the ordinance, Baltimore City determined through a house to house inspection "that the area, in general, was . . . blighted, deteriorated or deteriorating" and that it thus "constituted a serious and growing menace, injurious and inimical to the public health, safety, morals and general welfare of the residents of the City of Baltimore." Such a legislative finding was in the ordinance in question.

R. S. Construction objects to these additional standards saying that "such standards for residential properties do not apply to other similar residential property not within the area affected by said Ordinance, or similar ordinances, but situate in the City of Baltimore, and there are such other similar residential properties." It contends "there is no reasonable basis for such discrimination" and that the ordinance thus "violate[s] the equal protection clause of the federal and state constitutions."

The trial judge (Ross, J.) had the matter before him on stipulation of the parties and certain exhibits filed pursuant to those stipulations. No evidence was presented by R. S. Construction other than its statement in the stipulation that there are other homes in Baltimore similar to its dwelling at 623 West Lanvale Street to which such standards do not apply. Judge Ross held that no evidence was presented sufficient to overcome the presumption of constitutionality.

As Judge Oppenheimer put it for the Court in *Queen Anne's County v. Miles,* 246 Md. 355, 228 A. 2d 450 (1967):

> "A person who contends that there has been a denial of the equal protection of the laws has the burden of showing that his situation is the same as another situation, and that the State, or its instrumentalities, has treated the two situations differently in an unreasonable or arbitrary manner." *Id.* at 378.

See also *Prince George's Co. v. McBride,* 268 Md. 522, 532, 302 A. 2d 620 (1973); *Adm'r, Motor Veh. Adm. v. Vogt,* 267 Md. 660, 671-72, 299 A. 2d 1 (1973), and *Beauchamp v. Somerset County,* 256 Md. 541, 547, 261 A. 2d 461 (1970).

The oft expressed presumption in favor of the constitutionality of a statute, *Salisbury Beauty Schools v. St. Bd.,* 268 Md. 32, 48, 300 A. 2d 367 (1973), is no less true of an ordinance, be it county, *Montgomery Citizens League v. Greenhalgh,* 253 Md. 151, 252 A. 2d 242 (1969), or city, *City of Balto. v. Charles Ctr Parking,* 259 Md. 595, 598, 271 A. 2d 144 (1970), and *Gino's v. Baltimore City,* 250 Md. 621, 636, 244 A. 2d 218 (1968).

We agree with Judge Ross that R. S. Construction has failed to meet its burden of proof. It has gone no further than to say that there are similar residential properties in Baltimore City not required to adhere to the standard required in the Upton area. It has presented no proof of any of the circumstances surrounding the location of those properties. Its case is a far cry from that of *Md. Coal etc. Co. v. Bureau of Mines*, 193 Md. 627, 69 A. 2d 471 (1949), upon which it relies. In that case there was testimony that the strip mining operations in neighboring Garrett County were similar as to conditions and circumstances to those across the county line in Allegany County to which the statute was applicable. We likewise find inapposite *Dasch v. Jackson*, 170 Md. 251, 183 A. 534 (1936), and *Clayton v. North Carolina*, 317 F. Supp. 915 (E.D. N.C. 1970), also relied upon by R. S. Construction.

This Court turned aside an early attack on urban renewal in *Herzinger v. City of Baltimore*, 203 Md. 49, 96 A. 2d 3, 98 A. 2d 87 (1953), where Judge Henderson said for the Court:

> "[W]here the authority is based upon an ordinance or other legislative enactment, it would seem that reliance thereon would make a *prima facie* case and shift the burden to the person attacking it to show that it is arbitrary or unreasonable. In *Hoffman v. M. & C.C. of Baltimore*, 197 Md. 294, 79 A. 2d 367, 372, we said that an ordinance 'like other action in exercise of the police power, is presumed to be valid unless on its face or by extrinsic facts it is shown to be invalid.' In *M. & C.C. of Baltimore v. Biermann*, 187 Md. 514, 523, 50 A. 2d 804, 808, we said that a property owner has 'the heavy burden of overcoming the presumption of constitutionality of legislative action, even if the legislative body acted without evidence at all.' These, of course, were zoning cases, but the principle is well established." *Id.* at 63.

That principle is equally applicable here. R. S. Construction's bald assertion, without more detail, that

708

there are other similar properties in the city not affected by the ordinance simply is not sufficient evidence to overcome the presumption of constitutionality.

*Decree affirmed; appellant to pay the costs.*