*Howard County, Maryland v. Russell A. McClain, et al.*, No. 1166, Sept. Term 2020.
Opinion by Adkins, Sally D., J.

**STATE CONSTITUTION—ARTICLE III, § 33—SPECIAL LAWS:** Article III, §
33 of the Maryland Constitution prohibits the enactment of special laws. Special laws
relate to particular persons or things of a class, whereas general laws apply to all persons
or things of a class. Special laws are prohibited to prevent influential persons or entities
from securing an undue advantage over others. Here, the legislative enactment
effectually conferred a benefit on one entity. To determine whether the legislative
enactment is an impermissible special law, the Court of Appeals in *Cities Serv. Co. v.
Governor*, 290 Md. 553 (1981) outlined factors for courts to consider:

> (1) Whether the underlying purpose of the enactment was actually intended
> to benefit or burden a particular member or members of a class instead of
> an entire class;
> (2) Whether particular individuals or entities are identified in the statute;
> (3) The substance and "practical effect" of an enactment;
> (4) If a particular individual or business sought and received special
> advantages from the Legislature, or if other similar individuals or
> businesses were discriminated against by the legislation;
> (5) The public need and public interest underlying the enactment, and the
> inadequacy of the general law to serve the public need or public interest;
> and
> (6) Whether the legislative enactment is arbitrary and without any
> reasonable basis.

Upon consideration of these factors, the legislative enactment at issue was deemed an
impermissible special law.

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1166

September Term, 2020

_____

HOWARD COUNTY, MARYLAND

v.

RUSSELL A. McCLAIN, ET AL.

_____

Graeff,
Kehoe,
Adkins, Sally D.
  (Senior Judge, Specially Assigned),

JJ.
_____

Opinion by Adkins, Sally D., J.
_____

Filed: February 25, 2022

 Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

This case presents an uncommon occurrence—a successful constitutional challenge to a zoning authority's textual amendment. Glenelg Country School ("GCS") was granted an exclusive use easement by Appellees, a group of persons who own pipestem strips of land adjacent to GCS's property. In order to build on and around the pipestems, GCS submitted a conditional use petition to the Howard County Hearing Examiner. The Hearing Examiner denied the petition and GCS appealed. Then, GCS filed for a Zoning Regulation Amendment to amend the Howard County Zoning Regulations regarding conditional uses. The Howard County Council limited GCS's proposed amendments to the zoning regulations to apply only to private academic schools. After limiting the scope of the proposed amendments, the Howard County Council enacted GCS's proposed Zoning Regulation Amendment as Council Bill No. 9-2020 ("CB-9").

The Appellees filed a Complaint for Declaratory Judgment against Howard County in the Circuit Court for Howard County, asserting that CB-9 is an illegal special law prohibited by Article III, § 33 of the Maryland Constitution. Howard County filed a Motion to Dismiss, or in the alternative, for Summary Judgment and Appellees filed a Motion for Summary Judgment. The circuit court denied Howard County's Motion for Summary Judgment and granted Appellees' Motion for Summary Judgment declaring CB-9 an illegal special law.

Howard County presents us with one question on appeal:

1. Whether the circuit court erroneously concluded that CB-9, a Zoning Regulation Amendment enacted by the Howard County Council, is an unlawful special law in violation of Article III, Section 33, when on its face CB-9 applies equally to numerous private academic schools

approved, or to be approved in the future, as a conditional use in multiple Zoning Districts in Howard County?

For the reasons below we affirm.

## FACTS AND PROCEDURAL HISTORY

Appellees own property along the southern edge of a property owned by GCS. The Appellees are among a class of persons who own nearby residential properties including twenty-two 12-inch-wide pipestem strips of land that converge into a single strip that runs along the northwestern edge of the GCS property and connects to the public Folly Quarter Road. The Appellees and GCS entered into an easement agreement in 2007. The easement agreement gave GCS the "non-exclusive right to use the Easement Area for the following specific purposes, and for no other purposes, to wit, to maintain: (i) an existing play area, (ii) certain existing paving, (iii) two (2) existing pipes or conduits, (iv) an existing split rail fence, (v) and the right of ingress and egress to, from, over and across the Easement Area, strictly for the purposes of implementing maintenance of the aforementioned items . . . ."[1] In August of 2008, the Appellees and GCS amended the easement agreement to give GCS the exclusive right to use the Easement Area.

Because GCS wanted to construct on the pipestems that were part of the Easement Area, GCS submitted a conditional use petition to the Howard County Hearing Examiner in October 2016. GCS did not seek written approval from the pipestem owners for its conditional use petition. The Conditional Use Petition to the Howard County Hearing Authority states that, "[i]f the Petitioner is not the owner [of the property at issue in the

---

[1] The Easement area includes the area owned by Appellees.

2

Petition], written authorization from the owner must be submitted." The Howard County Hearing Examiner denied GCS's petition in regard to construction on the pipestem area stating that "[n]o school use is permitted on the pipestems." GCS appealed this denial to the Howard County Board of Appeals. This appeal is unresolved.

Taking a new approach, in April 2019, GCS filed for a Zoning Regulation Amendment ("ZRA"), ZRA-188, to amend the Howard County Zoning Regulations, in particular § 131.0 relating to conditional uses. ZRA-188 sought to amend three provisions within ZR § 131.0. The proposed amendments were as follows:

> Amend Section 131.0.D to exempt setback requirements from lots in common ownership and allow the Hearing Authority to grant setback variances for Conditional Uses; Amend Section 131.0.F.2 to accept easements as written authorization for a petition; and, Amend Section 131.0.N.48 to include child day care and nursery schools as an accessory use to *Schools, Colleges, Universities— Private (Academic)*. [2]

Prerequisites to getting a proposed amendment on the Howard County Council's legislative agenda include a recommendation and report from the Planning Board and a technical staff report from the Department of Planning and Zoning. *See* Howard County Code § 16.208(c)(2). The Planning Board recommended that the Howard County Council deny all three proposed amendments in ZRA-188. The Department of Planning and Zoning, however, in its technical report, recommended approval of all the amendments, with slight modifications.

---

[2] "The Hearing Authority" is used to refer both to the Howard County Hearing Examiner and the Howard County Board of Appeals. ZR § 130.0.A.2.

3

ZRA-188 was introduced before the Howard County Council as CB-9. The Council amended the proposed language of CB-9 to apply only to private academic schools. CB-9 amends the Howard County Zoning Regulations in the following three respects. First, the proposed bill exempts private academic schools from setback requirements of ZR §§ 131.0.N and 131.0.O if the property from which the setback is measured is owned by the petitioner (private academic school) or if the petitioner has an exclusive easement and owns the property on the opposite side of the easement. The same amended provision allows the Hearing Authority to treat multiple adjacent exclusive pipestem easements as a single easement if the total width of the adjacent pipestem easements does not exceed 75 feet.

Second, CB-9 allows the Hearing Authority to proceed with a private academic school's proposed conditional use or variance petition if the proposed use is consistent with the terms and conditions of the petitioner's exclusive easement and each fee simple property owner has been notified in writing. Third, when the petitioner is a private academic school, written authorization from the property owner may be in the form of a recorded exclusive easement.

The above amendments to ZR § 131.0, through CB-9, were approved by the Howard County Council on June 2, 2020. The bill was to take effect 61 days after approval. Appellees filed a Complaint for Declaratory Judgment against Howard County and its County Council in Howard County Circuit Court challenging the constitutionality of CB-9. Appellees alleged that CB-9 was a special law and thus unconstitutional under Maryland Constitution, Article III § 33.

4

Howard County filed a Motion to Dismiss, or in the Alternative, for Summary Judgment.[3] Appellees opposed Howard County's Motion to Dismiss, or in the Alternative, for Summary Judgment and filed their own Motion for Summary Judgment. The circuit court denied Howard County's Motion to Dismiss, or in the Alternative, for Summary Judgment and granted the Appellees' Motion for Summary Judgment declaring CB-9 an illegal special law. This appeal followed.

## STANDARD OF REVIEW

We review a grant of summary judgment to determine if it was "legally correct." *Montgomery Cnty. v. Soleimanzadeh*, 436 Md. 377, 398 (2013) (quoting *Hines v. French*, 157 Md. App. 536, 549–50 (2004)). When there is no genuine dispute of fact, "we review the circuit court's ruling on the law, considering the same material from the record and deciding the same legal issues as the circuit court." *Messing v. Bank of Am., N.A.*, 373 Md. 672, 684 (2003) (citing *Green v. H & R Block, Inc.*, 355 Md. 488, 502 (1999)).

## DISCUSSION

The implementation of special laws is prohibited under Article III, § 33 of the Maryland Constitution. "A special law is one that relates to particular persons or things of a class, as distinguished from a general law which applies to all persons or things of a class." *Cnty. Comm'rs of Prince George's Cnty. v. Baltimore & O. R. Co.*, 113 Md. 179,

---

[3] Howard County filed a Motion to Dismiss the County Council of Howard County, Maryland as a defendant, asserting that the "entity does not exist separately from [Howard County] and lacks the capacity to sue or be sued." As Appellees did not respond, the circuit court granted the motion.

5

183 (1910). The definition of a special law does not provide a "mechanical rule of thumb" for deciding cases, because it depends on what constitutes a "class." *State v. Good Samaritan Hosp. of Maryland, Inc.*, 209 Md. 310, 329 (1984). "[T]o determine whether an enactment affects less than an entire class and, therefore, meets the special law requirements[,]" courts look to the purpose of § 33's constitutional prohibition. *Id.* (internal quotations omitted).

One of the most important reasons for the provision in the Maryland constitution against special legislation is "to prevent one who has sufficient influence to secure legislation from getting an undue advantage over others[.]" *Maryland Dep't of Env't v. Days Cove Reclamation Co., Inc.*, 200 Md. App. 256, 265 (quoting *Cities Serv. Co. v. Governor*, 290 Md. 553, 568 (1981)); *see also* Dan Friedman, *Applying Federal Constitutional Theory to the Interpretation of State Constitutions: The Ban on Special Laws in Maryland*, 71 Md. L. Rev. 411, 422 (2012) (noting that Courts should first look to "whether the legislation violates the historical purpose of the constitutional provision"). A special law can be constitutional, "if it is tailored to meet new conditions" that the general law is not adapted to meet. *See Days Cove*, 200 Md. App. 256, 281 (quoting *Jones v. House of Reformation*, 176 Md. 43, 57 (1939)).

To determine whether a law is an impermissible special law that applies only to certain members of a class, the Court of Appeals has "pointed to various considerations and factors." *CCI Ent., LLC v. State*, 215 Md. App. 359, 396 (2013) (applying factors from *Cities Serv. Co.*). In addition to looking to the historical purpose of the constitutional provision, the factors a court considers are: (1) "whether [the underlying purpose of the

6

legislative enactment] was actually intended to benefit or burden a particular member or members of a class instead of an entire class"; (2) "[w]hether particular individuals or entities are identified in the statute"; (3) "[t]he substance and "practical effect" of an enactment"; (4) "[i]f a particular individual or business sought and received special advantages from the Legislature, or if other similar individuals or businesses were discriminated against by the legislation"; (5) "[t]he public need and public interest underlying the enactment, and the inadequacy of the general law to serve the public need or public interest"; and (6) "whether [the legislative enactment is] arbitrary and without any reasonable basis[.]" *Cities Serv. Co.*, 290 Md. at 569–70 (cleaned up).[4] No one factor is conclusive. *Id.* at 569.

Before discussing these six factors, we return momentarily for consideration of the overall question of whether the challenged law relates to less than an entire class. *See id.* We consider it pertinent—and suggestive of a special law— that CB-9 was introduced by a private academic school, GCS, to the Howard County Council. The proposed bill sought to amend the language of ZR § 131.0, which regulates conditional uses. CB-9 was limited to apply only to private academic schools. The text amendment was further limited to

_____

[4] Some courts have blended or broken down the *Cities Serv. Co.* factors in different ways. *See, e.g.*, *Green v. N.B.S., Inc.*, 409 Md. 528, 544–45 (2009) (not explicitly including the "public need and public interest" factor); *CCI Ent., LLC*, 215 Md. App. at 396–97 (combining the factor of whether an individual or entity is identified in the statute with the "substance and practical effect" factor); *Days Cove*, 200 Md. App at 276–79 (analyzing the "substantive and practical effect" factor together with the "arbitrary and without any reasonable basis" factor); *see also* Friedman, *supra*, at 422–24 (adding a seventh factor regarding "whether the enactment, although it affects only one entity currently, would apply to other similar entities in the future").

private academic schools with an adjacent exclusive use easement. GCS also benefits as its several narrow pipestem easements can be treated as one—because the amendment requires the Hearing Authority to "consider multiple adjacent exclusive pipestem easements as a single easement if their combined width does not exceed a total width of 75 feet." CB-9 does not apply equally to the class of private academic schools; it applies to a subsection of that class: private academic schools with adjacent exclusive use easements or private academic schools with adjacent exclusive pipestem easements.

We now turn to the six *Cities Serv. Co.* factors.

### *Underlying purpose*

Howard County asserts that the purpose of CB-9 was not just benefit GCS, but to benefit the entire class of private academic schools now and in the future. The County cites *Potomac Sand & Gravel Co. v. Governor*, 266 Md. 358, 379 (1972), to assert that a legislative enactment that affects only one party at the time of its enactment should not be treated as a special law, so long as the enactment is equally applicable in the future. *Potomac Sand* applied not to a benefit conferred onto a single party; rather, it applied to a detriment that applied to only one party at the time of enactment. *See id.* at 379.

In *Potomac Sand*, the applicable law prohibited the dredging of sand and gravel in the tidal waters or marshlands of Charles County. *Id.* at 361. The Court of Appeals observed that Potomac Sand & Gravel Co. may have been the only party affected at the time of the legislative enactment, but any other person or entity who wishes to dredge sand in the tidal basins of Charles County will be prevented from doing so in the future. *Id.* at

8

379. Thus, the enactment was not a special law intended to strictly burden just one party. *See id.* Unlike in *Potomac Sand*, the purpose of CB-9 was to confer a benefit on GCS.

Laws that confer a benefit, rather than a detriment, on a single party at the time of its enactment are looked upon more harshly. *See, e.g.*, *Beauchamp v. Somerset Cnty. Sanitary Comm'n*, 256 Md. 541 (1970) (finding a law that benefits one party an unconstitutional special law); *Days Cove*, 200 Md. App. at 272–73 (distinguishing enactments that benefit a particular entity from enactments that prohibit conduct now and in the future). The law at issue in *Beauchamp* accorded the benefit of a tax exemption to one American Legion Post. *Id.* at 543. Here, similarly, the law at the time of enactment provided only a benefit to GCS—allowing it to gain approval of its conditional use petition. Thus, the law's underlying purpose was to confer a benefit on GCS, which weighs in favor of considering CB-9 an impermissible special law.

### *Particular individual or entity*

This factor cuts against finding CB-9 to be a special law, as GCS was not named in the bill. We accord limited weight to this factor because it can be easily manipulated by using narrow descriptive criteria, such as utilized here. This may explain why it has rarely been considered the tipping point in the analysis. *See Cities Serv. Co.*, 290 Md. at 569 ("[S]tatutory provisions which did not name particular individuals or entities have been held to be prohibited special laws, whereas enactments naming specific entities have been held not to be special laws[.]") (cleaned up).

### *Substance and "practical effect" of an enactment*

The third factor weighs strongly in favor of finding CB-9 to be a special law as CB-9 has the "practical effect" of solely benefitting GCS. GCS was the only private academic school that could take advantage of CB-9 at the time of its enactment and will likely be the only private academic school to take advantage of the enactment in the future. Appellees compiled evidence of every conditional use private academic school in Howard County and the schools' recorded easements—totaling 38.[5] Of the 38, easements to which private academic schools are parties (not including the GCS easements), 34 are servient easements in which the private academic school granted access to another party.

Of the remaining four easements granting benefits to private academic schools, two were temporary grading easements that have already expired. In a third, the owner of the property, a church, granted a 10-foot electrical easement to its own cemetery. In the last of the four, another church sold a portion of its own property but reserved an easement agreement with the new owner for existing sewer lines.[6] None of these conditional use private academic school easements involved exclusive easements in which the school owned property on the other side of the easement. Nor did any of these schools hold exclusive pipestem easements. Based on this evidence, CB-9 has the

---

[5] Appellees included land record searches for conditional use private academic schools in Howard County as an exhibit to their Motion for Summary Judgment. If the land record search revealed that the property was party to an easement agreement, that agreement was included in the exhibit.

[6] For the purposes of this opinion, we assume that the churches operate private academic schools as defined in the Howard County Zoning Regulations.

10

practical effect of solely benefiting GCS and the likelihood of it benefitting other private academic schools in the future is extremely slim.

Howard County contends that *Reyes v. Prince George's Cnty.*, 281 Md. 279 (1977) requires us to find that CB-9 is not a special law, as there is a *possibility* that CB-9 could be used in the future by other private academic schools. In *Reyes*, the legislative enactment already in place allowed municipalities and counties to finance the acquisition of industrial buildings. *Id.* at 303. The General Assembly, through enactment of Chapter 396, expanded the definition of industrial buildings to include "any sports stadium or sports arena in Prince George's County." *Id.* The bill was alleged to have been enacted for the sole benefit of Washington National Arena in Prince George's County as it was the only sports stadium or arena in the county at the time of the legislative enactment. *See id.* at 302, 305. The Court of Appeals, however, ruled that Chapter 396 would provide future benefits as it would apply to the acquisition or financing of other sports facilities in Prince George's County in the future. *Id.* at 306.

Unlike the enactment in *Reyes*, we are not persuaded that CB-9 is likely to provide a benefit to other private academic schools in the future. In *Reyes*, the sports arena only had to be in Prince George's County to qualify. *Id.* at 306. Here, the private academic school must: be in Howard County, be a conditional use private academic school, and hold an exclusive use easement adjacent to its property. Further, to benefit from one of CB-9's provisions, the school must hold multiple dominant exclusive use easements over adjacent pipestem properties with a total width of less than 75 feet. In *Cities Serv. Co.*, the State officials and the company that benefited from the legislative enactment asserted

11

that other companies would also benefit from the enactment in the future, but the Court found that possibility to be "virtually inconceivable." *See* 290 Md. at 573. Likewise, we consider the likelihood that another entity could benefit from CB-9 in the future to be virtually inconceivable.

### *Special advantages or considerations*

The special advantages factor weighs in favor of finding CB-9 a special law because GCS proposed the amendments to benefit themselves and received the benefit once CB-9 was enacted by the Howard County Council.

### *Public need and interest*

The public interest factor also weighs in favor of finding CB-9 a special law. Appellants assert that CB-9 was supported by public interest because there was a specific public need to vary setback requirements for conditional uses and to allow private academic schools with exclusive easements to obtain approval of conditional use petitions consistent with their exclusive easements. In *Cities Serv. Co.*, the Court of Appeals held that an exemption for mass merchandisers from the Divesture Law, which prohibited producers and refiners of petroleum products from operating retail gas stations, could have a justifiable public interest, but an exemption for one particular merchandiser was not justifiable. *See* 290 Md. at 572. Similarly, the setback exemptions could have a justifiable public interest if GCS was not the sole beneficiary.

There is also no need to require the Hearing Authority to consider conditional use petitions from private academic schools with exclusive easements because this can already be accomplished under the general law—the Howard County Zoning

12

Regulations. In order to successfully submit a conditional use petition involving a property with an easement, the application requires the easement holder to obtain written approval from the property's owner. Therefore, there is no public need for this amendment because private academic schools with exclusive easements can already successfully apply for a conditional use under the general law—so long as they obtain written authorization from the property owners.

### *Arbitrary and without reasonable basis*

Lastly, the Court weighs whether CB-9 was arbitrary and without reason. Howard County asserts that CB-9 is not arbitrary and has a reasonable basis because limiting CB-9 to apply solely to private academic schools helps combat the far-reaching scope of such a law. We are not persuaded. By narrowing CB-9 to such extent that it only applies to one property, the Council rendered CB-9 unreasonable.

In sum, all but one of the six *Cities Serv. Co.* factors cut in favor of declaring CB-9 to be an illegal special law. The one factor suggesting otherwise—omission of GCS's name—is so easy to manipulate in this context that we discount it altogether.

### CONCLUSION

Because we conclude that CB-9 was enacted solely to benefit GCS and has the practical effect of doing just that, CB-9 is an illegal special law. We therefore affirm the holding of the Circuit Court for Howard County granting Appellees' Motion for Summary Judgment and denying Howard County's Motion to Dismiss, or in the Alternative, for Summary Judgment.

13

**JUDGMENT OF THE CIRCUIT COURT FOR HOWARD COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**